EBER B. SHERMAN *vs.* MYRON TORREY & another.

The power to invest town officers lawfully chosen at a town meeting with any special authority which the town may lawfully confer upon them in the exercise of their official duties is incident to the power to choose them.

A specification in the warrant for an annual town meeting that it is called "to elect all necessary town officers for the ensuing year," and "to raise and appropriate such sums of money as may be necessary to defray town charges for the coming year and pay any indebtedness of the town," is sufficient, under the Gen. Sts. *c.* 18, § 22, to authorize the town to vote at the meeting, in conformity with the Gen. Sts. *c.* 18, § 73, to invest the collector of taxes then duly-chosen with all the powers which a town treasurer has when appointed collector of taxes.

An officer who serves a warrant addressed to him by a collector of taxes, substantially in the form prescribed by the St. of 1785, *c.* 50, § 6, (Rev. Sts. *c.* 7, § 33; Gen. Sts. *c.* 11, § 39,) directing him to collect from a person named a certain sum due as his portion of a certain tax, "whereof said person has neglected to make payment and thereof is delinquent," is not liable in damages to the delinquent taxpayer on the ground that it does not appear on the face of the warrant that it was issued in the due and lawful exercise of a power or jurisdiction conferred by law.

TORT against Myron Torrey, the collector of taxes of Williamstown for the year 1866, and Samuel B. Kellogg, a deputy of the sheriff of Berkshire, for the forcible collection from the plaintiff of a tax assessed on him by the assessors of Williamstown for that year. The defendants justified under their war-

rant from the assessors. The case was submitted for the deter-
mination of the court on agreed facts, the substance of which
appears in the opinion.

*A. J. Waterman,* for the plaintiff, cited *Williamstown* v. *Willis,*
15 Gray, 427; *Wickes* v. *Clutterbuck,* 2 Bing. 483; *The King*
v. *Chilverscoton,* 8 T. R. 178; *Amesbury Manufacturing Co.* v.
*Amesbury,* 17 Mass. 461; *Preston* v. *Boston,* 12 Pick. 14; *Bos-
ton & Sandwich Glass Co.* v. *Boston,* 4 Met. 189; *Joyner* v.
*School District in Egremont,* 3 Cush. 572.

*W. H. Swift,* for the defendants.

CHAPMAN, C. J. It is agreed that the defendant Torrey was
duly chosen collector of taxes for Williamstown; and that an
assessment was duly made and committed to him for collection;
and the questions presented in the case relate merely to his pro-
ceedings in making the collection.

The town voted, at its annual meeting in March 1866, "that
the collector have all the powers that the town treasurer has
when appointed collector of taxes." The plaintiff contends that
this vote was void. It is provided by the Gen. Sts. *c.* 18, § 73,
that towns may pass such a vote at a meeting notified for that
purpose. The plaintiff denies that the meeting was notified for
that purpose. The third article in the warrant was, " To elect
all necessary town officers for the ensuing year." The four-
teenth article was, " To raise and appropriate such sums of
money as may be necessary to defray town charges for the com-
ing year and pay any indebtedness of the town." The Gen.
Sts. *c.* 18, § 22, provides that the warrant shall express the sub-
jects to be acted upon, and nothing acted upon shall have a
legal operation unless the subject matter thereof is contained in
the warrant. But in *Haven* v. *Lowell,* 5 Met. 35, the court say
that the articles in the warrant are, from the very nature of the
case, general in their description, and are oftentimes inartificial
in their construction; and that they are mere abstracts or heads
of the propositions which are to be laid before the inhabitants
for their action. Articles of such a character have been held
sufficient in many cases. See *Avery* v. *Stewart,* 1 Cush. 496;
*Rand* v. *Wilder,* 11 Cush 298; *Williams* v. *School District in*

*Lunenburg*, 21 Pick. 81; *Grover* v. *Pembroke*, 11 Allen, 88. The court are of opinion that the article in this case was sufficient. The subject of choosing officers includes, as an incident, any special authority that the town is authorized by statute to confer upon them in the exercise of their official duties.

It is agreed that Kellogg, the other defendant, was a deputy sheriff; and that Torrey, the collector, issued a warrant to him under which he acted. It is contended that this warrant was insufficient in form and substance to authorize him to act. It is addressed to the sheriff or his deputy, and directs them to levy, and collect of the several persons named in it, the sums stated, being the sums due from them as their respective portions of the taxes for the year 1866, " whereof said persons have neglected to make payment and thereof are delinquent." The objection to the warrant is, that it does not appear on the face of it that it was issued in the due and lawful exercise of a power or jurisdiction conferred by law. The form of warrants to be issued by assessors to collectors was prescribed by the St. of 1785, *c.* 50, § 6. It contains no recitals. The substance of this provision has been continued in force by the Rev. Sts. *c.* 7, § 33, and the Gen. Sts. *c.* 11, § 39. In the present case, the collector adopted substantially the same form in the warrant which he issued to the sheriff and his deputies. Such a form was held to be sufficient in *Cheever* v. *Merritt*, 5 Allen, 563, provided the officer could prove the facts necessary to constitute his authority to collect the tax. This is decisive of the present case, for the only defect here alleged is in the form of the warrant. The case of *Williamstown* v. *Willis*, 15 Gray, 427, decided a different point. The action was brought by the town against the officer for not serving such a warrant. It was held that he was not liable to them ; but the question of his liability to the taxpayer in case he had served the warrant did not arise.

*Judgment for the defendants.*