HOITT *v.* BURNHAM.

A tax collector's warrant is not returnable process.
An inn and a post-office are *prima facie* public places.

TRESPASS, for taking and selling the plaintiff's horse. Plea, the general issue, and a brief statement that the defendant, as collector of taxes, lawfully took and sold the horse as a distress for taxes. The defendant made no return of his proceedings upon the warrant accompanying the tax-list. The plaintiff contended that such a return was necessary, and that the proceedings could not be proved in any other way. The court ruled that a collector's warrant is not returnable process, and permitted the proceedings to be shown by other evidence; and the plaintiff excepted.

Notices of sale were duly posted at the American House, a hotel, and at the post-office, in Dover, where the plaintiff resided. The plaintiff objected that before the notices could be put in evidence, it must be shown that the hotel and post-office were public places. The court ruled, as matter of law, that both might be regarded *prima facie* as public places; and the plaintiff excepted. Verdict for the defendant.

*Copeland & Edgerly*, for the plaintiff.

*S. M. Wheeler*, for the defendant.

SMITH, J. In *Davis v. Clements*, 2 N: H. 390, decided in 1821, it was held that a highway surveyor's return of his doings upon his warrant was not competent evidence to prove the same. By the statute of February 27, 1786, then in force (Laws 1815, *p.* 388), and by the terms of his warrant, the defendant, as highway surveyor, was authorized to levy the tax of a delinquent by distress. The decision was put upon the ground that the warrant was not returnable process. The court said,—" The statute has made it the duty of surveyors of highways to settle accounts and pay over any balance in their hands to the selectmen or town treasurer, but

has not made it the duty of the surveyor to make any return of his doings upon his warrant. Where the law has made it the duty of a public officer to make a return of his doings, and has made him responsible for the truth of his return, a return may be evidence; but this is not that case. The return of the surveyor in this case is no better evidence for him than his own confessions and declarations would be."

In *Kelley* v. *Noyes*, 43 N. H. 209, the question whether a collector's warrant is returnable process was left undecided, although one of the head notes, understood to have been prepared by the judge who delivered the opinion, is to the effect that it is not regarded as such process, and that the proceedings may be shown by other evidence.

In *Johnson* v. *Allen*, 48 N. H. 235, the same question was again left undecided. In that case the defendant, who, as a tax collector, had collected the plaintiff's tax by distress, introduced on the trial his warrant and return thereon of his doings. No objection was taken to the return until the argument before the jury. It was held that the objection came too late, and that the return having been received without seasonable objection was at least *prima facie* evidence of the facts returned.

The reasoning in these two cases is strongly in favor of the view that a collector's warrant is not returnable process. The statute now in force in regard to the powers of collectors has stood, substantially without change, since 1791, except the provision giving to them the powers by law vested in constables in the service of civil process. For the same reasons that a highway surveyor's warrant was held not to be returnable process, it would seem that a collector's warrant must also be so regarded. The unbroken usage in this state for a century or more, for the collector to make no return of his doings upon his warrant, and generally not to return the warrant itself, is a fact entitled to great weight. The absence of any statute requiring a return is undoubtedly the reason for the usage. It is apparent that the evidence is needed for the protection of the collector rather than of the tax-payer. For the information and protection of the latter, provision, in case of a distress, is made for a particular account of the taxes, property sold, and expenses, to be delivered to him upon demand, and in case of an arrest, for a copy of the warrant, with the amount of the tax and fact of commitment, to be delivered to the jailor. G. L., c. 58, ss. 7, 9. In *Davis* v. *Clements* the surveyor's return of his doings was held inadmissible, although the defendant could not testify in his own behalf, and may have found it difficult to prove by disinterested witnesses that he had pursued the requirements of the statute. The necessity for holding the warrant returnable process is less now than it was before the statute was enacted permitting parties to testify. Laws 1857, c. 1952.

A sheriff's return is conclusive evidence of all acts which the

statute requires him to do in the execution of process entrusted to him. A collector's return, if admissible, would by analogy be conclusive. But it is not perceived how, in this case, the plaintiff was injured by the evidence, which was received. The defendant was compelled, in order to make out his defence, to prove by other testimony the same facts which the plaintiff claimed he should have incorporated in a return. The plaintiff was confronted with the defendant and his witnesses, and had the opportunity by cross-examination to test their credibility before the jury. The plaintiff could not complain of the method of proof, because it was most to his advantage. If it was essential to prove the defendant's doings in the sale by his return, it would have been competent to allow him by amendment to return upon his warrant the same facts that he proved to the jury. *Avery v. Bowman*, 39 N. H. 393; *Baker v. Davis*, 19 N. H. 325; *Weeks v. Sly*, 61 N. H. 89. The verdict would not be set aside if the ruling was erroneous, because the plaintiff was not injured. The return might now be made by amendment. *Whittier v. Varney*, 10 N. H. 291.

In Massachusetts it has been held that a collector's warrant of distress to the sheriff need not recite the facts which authorize the collector to issue it, but the officer may prove the facts necessary to constitute his authority to collect the tax. *Cheever v. Merritt*, 5 Allen 563; *Sherman v. Torrey*, 99 Mass. 472. The same strictness which is required in judicial proceedings is not applied to the proceedings of town officers. They are not supposed to be acquainted with the technical rules of courts. If the same degree of strictness were required, " it would defeat and overthrow many of their acts, which have substantial correctness enough for all practical purposes, and would tend to throw the whole body politic into confusion." *Cheever v. Merritt, supra*, 565; *Welles v. Battelle*, 11 Mass. 481; *Briggs v. Murdock*, 13 Pick. 316.

In *Tidd v. Smith*, 3 N. H. 178, the question whether a particular place is a public place within the meaning of the statute was held to be a question partly of fact and partly of law; the nature and situation of the place, and the uses to which it is applied, are matters of fact to be settled by a jury; when these are settled, whether the place is to be considered a public place within the intent of the statute is purely a question of law. *Tidd v. Smith* was never questioned until the recent case of *Cahoon v. Coe*, 52 N. H. 518—*S. C.*, 57 N. H. 556. In 52 N. H. 518 the court declined to reëxamine the question, because, as was supposed, a different construction might unsettle titles and disturb vested rights. In 57 N. H. 556, the court made an elaborate examination of the authorities and of the reasons upon which they were based, and confirmed the doctrine of *Tidd v. Smith*, two of the judges holding, as matter of law, that upon the facts reported each of the six dwelling-houses in Wentworth's Location was a public place (see *pp.* 572, 595, 600),

although the jury had found that there was no public place in that township; and the remaining judge who sat in that case concurred in the result.

In the present case the defendant proved the posting of notices at the hotel known as the American House and at the post-office in Dover, and the court ruled as matter of law, that, *prima facie*, both might be regarded as public places. No evidence was introduced as to the character of either place. In *Tidd* v. *Smith* the court held, as matter of law, that a shoemaker's shop was not a public place within the meaning of the statute. The court said,— "The general understanding of the community, on a question of this nature, is entitled to much respect; and it is believed this understanding has viewed as public places houses of public worship, inns, and perhaps, in some places, shops where goods are retailed." To the same effect is *Scammon* v. *Scammon*, 28 N. H. 419, 428;— see, also, *Baker* v. *Shephard*, 24 N. H. 208, 212, and *French* v. *Spalding*, 61 N. H. 395, 401.

According to the general understanding of the community, the post-office and the American House in the city of Dover must be regarded as public places, within the meaning of the statute.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.