ELIZABETH P. KITTREDGE, executrix, *vs.* INHABITANTS OF
NORTH BROOKFIELD.

Worcester.    Oct. 3, 1884. — Jan. 13, 1885.    C. ALLEN & COLBURN, JJ.,
absent.

Under the St. of 1870, c. 325, § 3, a town, within the limits therein prescribed, may subscribe for the stock of a railroad corporation to be organized under the St. of 1872, c. 53, and become an associate in its formation.

While the Sts. of 1870, c. 325, and of 1872, c. 53, were in force, a warrant for a town meeting contained the following articles : " To see if the town will vote to subscribe for and hold shares in the capital stock of " a certain railroad corporation, to be formed under the St. of 1872, c. 53, for the purpose of building a railroad from that town to another; "to see if the town will vote to become an associate for the formation of " the railroad; and "to see what action the town will take in regard to raising money to aid in building" the railroad.    At the meeting held in pursuance of this warrant, the town voted to subscribe for the stock of the railroad corporation to a certain amount, and to become an associate for the formation of the corporation; and, in order to pay this subscription, voted to authorize its treasurer to borrow a sum not exceeding that subscribed, "in amounts as may be required by the directors," and to give therefor the notes or bonds of the town payable to a certain amount in each year.    Bonds were issued in pursuance of this vote, and taxes were levied in each year ·to meet the bonds falling due.    *Held,* in an action to recover back such taxes paid under protest, that the warrant was sufficient; and that the votes of the town thereunder were valid.

MORTON, C. J. This is an action to recover back taxes for the years 1881, 1882, and 1883, paid under protest by Charles Kittredge, of whose will the plaintiff is executrix. At a town meeting held on January 29, 1875, the town of North Brookfield voted to subscribe for shares in the North Brookfield Railroad Company, a corporation to be formed under the St. of 1872, *c.* 53, for the purpose of building a railroad from North Brookfield to East Brookfield, to the amount of $90,000; and also voted to become an associate for the formation of said corporation. At an adjournment of the meeting, held on June 14, 1875, the town voted that, in order to pay this subscription, its treasurer be authorized to borrow a sum not exceeding $90,000 "in amounts as may be required by the directors," and to give therefor the notes or bonds of the town payable $9,000 in each year, commencing with that year, and ending with the year 1884, both inclusive. Bonds were issued in pursuance of this vote, of which $9,000 became due in each of the years 1881, 1882, and 1883, and taxes were levied in each year to meet the bonds falling due.

The plaintiff contends that the action of the town, in becoming an associate and in subscribing to the stock, was illegal; and therefore that the taxes of the said years levied to pay a part of such subscription were *pro tanto* illegal and invalid.

The statutes in force at the time when this action was taken authorized the town to subscribe to the stock of the corporation to a limited amount, by a vote of two thirds of the legal voters present and voting by ballot, at a legal meeting called for the purpose. St. 1870, *c.* 325, § 3. St. 1872, *c.* 53.

The record of the meeting of the defendant town of January 29, 1875, shows that the vote was by ballot, by using the check list, and "that said vote was passed by more than a two-thirds vote." The agreed facts show that the subscription by the town did not exceed the limit fixed by the statutes. The subscription by the town therefore was valid, unless there was some illegality in calling or conducting the meeting.

The warrant for the meeting contained the following articles:

"2d. To see if the town will vote to subscribe for and hold shares in the capital stock of the North Brookfield Railroad Company, a railroad corporation to be formed under chapter 53

of the acts of the year 1872 for the purpose of building a railroad from North Brookfield to East Brookfield.

" 3d. To see if the town will vote to become an associate for the formation of the North Brookfield Railroad Company, a railroad corporation to be formed under chapter 53 of the acts of 1872 for the purpose of building a railroad from North Brookfield to East Brookfield, and act thereon.

" 4th. To see what action the town will take in regard to raising money to aid in building a railroad from North Brookfield to East Brookfield, and act thereon."

The plaintiff objects that the town had no authority to become an associate for the formation of a railroad corporation under § 1 of the St. of 1872, c. 53. But this statute clearly contemplates that all the subscriptions to the stock are to be made by signing the articles of association. This is the only way in which a town could subscribe, and its authority to subscribe for and take stock, by implication, gives it the right to sign the articles of association.

The plaintiff also contends that the town was not authorized under the warrant to pass the vote of June 14, 1875, authorizing the treasurer to borrow $90,000, and to issue bonds therefor. His objection to the warrant is, that the method of raising the money to pay for the stock subscribed, whether by a tax or a loan, or by bonds or notes, is not specified in the warrant. We do not think this specification was necessary.

Warrants for town meetings are not to be construed with technical precision; it is enough if they give intelligible notice of the subjects to be acted on at the meeting. *Grover* v. *Pembroke*, 11 Allen, 88. *Sherman* v. *Torrey*, 99 Mass. 472. *Whitney* v. *Stow*, 111 Mass. 368.

The warrant in this case notified the voters that the questions of becoming an associate and subscribing to the stock, in aid of the projected railroad, and also of the action of the town " in regard to raising money to aid in building " the railroad, would come before the meeting. This was a notice that the question of subscribing, and also of the method of raising the money to meet the subscription, would be considered at the meeting, and under it the town might vote to raise the money in any mode authorized by law. *Whitney* v. *Stow, ubi supra*. They might

raise it " by loan upon bonds, or tax, or otherwise." St. 1870, *c.* 325, § 3.

The plaintiff criticises the part of the vote authorizing the treasurer to borrow money " in amounts as may be required by the directors," as giving to the directors the discretion of deciding what amount the town shall borrow. The criticism is unjust, for it is clear that the vote means that the treasurer is to borrow money to meet the assessments laid and required to be paid by the directors.

The plaintiff further contends that the vote of the town of January 29, 1875, authorizing the treasurer to borrow money to pay the expenses of obtaining a survey was illegal. If this be so, it does not affect this case, as it does not appear that any money was borrowed under it, or that, if any was borrowed, it was a part of the $90,000 for which the bonds of the town were issued.

We are unable to see any ground for holding the action of the town to be illegal; and are of opinion that the plaintiff cannot maintain this action.         *Judgment for the defendant.*

*C. A. Merrill,* for the plaintiff.

*R. Hoar,* for the defendant.