Clarence E. Conley, J.
This is an appeal from a judgment of conviction in the City Court of the City of Oneida [Verne L. Whalen, J.] on the 23rd day of December, 1959, convicting the defendant of the offense of public intoxication, a violation of section 1221 of the Penal Law, and fining him the sum of $10.
Upon stipulation of the attorneys for the parties hereto, the transcript of the minutes of the trial prepared by Ella H. Holm, a stenotype reporter of Syracuse, New York, is to be considered the official minutes of the trial. The matter was argued before the court and briefs were submitted by counsel.
*672 The information, made by Gene I. Elder, a police officer of the City of Oneida, charged that the offense was committed on February 3, 1959, at 2:10 a.m., at the Park Grill, Vanderbilt Avenue in the City of Oneida.
The questions involved were whether the. defendant was intoxicated at the time of his arrest, and whether at the time of his arrest he was intoxicated in a public place. However, it appearing from the testimony at the trial that the offense was committed after the closing of the Park Grill, the only question this court will pass upon at this time is whether or not said defendant was intoxicated in a public place. “It has always been held that a person is not guilty of this charge unless he is not only intoxicated but also intoxicated in a public place * * * Ordinarily it involves an intoxicated person whose presence is in some manner offensive to the public. The term £ public place ’ as used in this section has been described as a place which is in point of fact public, as distinguished from private, a place visited by a considerable number of persons and usually accessible to the neighboring public ”. (People v. Hook, 3 N Y2d 485, 488.)
The first witness called to the stand, Arthur Egan, apparently the complainant, was the husband of the employee in charge of the Park Grill on the night in question. His testimony is as follows: “ After my wife closed the place and came upstairs I heard the juke box playing so I went downstairs to see what was going on.” “I found the juke box lit up, playing real loud, and the front door was open and Dick Wuest was lying in a booth.” In answer to the question, “ Did you ask him how he got in? ”, he replied, “ No, I asked him to leave and he said, ‘ Why don’t you people wake me up? I have been sleeping'here for four hours ’.” On cross-examination "witness Egan testified that the only person in the room when he came down was the defendant-appellant, that the place was dark and the juke box was playing.
Witness Mildred Egan, wife of the first witness and the employee in charge of the Park Grill on the night in question, testified that she closed the place a little after 12 o’clock that night and went to her apartment on the second floor of the same building, that she did not know the door was open and that the place was not open to the public for business at that time.
Gene I. Elder, the police officer who made the information, admitted on cross-examination that he knew the place was closed for business, although the door was unlocked when the police officers arrived there. He further testified that at the time of the arrival of the police officers there was no one in the *673 place except the defendant-appellant and Mrs. Egan, and that at the time of the arrest there was no one else there except the hvo police officers.
There is no direct testimony on this point hut it is obvious from the testimony that the defendant went to sleep while the Park Grill was open for business and woke up some time after Mrs. Egan closed it and went upstairs. Although the door was unlocked at the time of the arrival of the police officers on the scene, there is no testimony as to who unlocked the door or when it was unlocked. Prom the testimony of the employee and her husband there was no inside access to the grill from their living quarters upstairs. There seems to have been quite a bit of going upstairs and downstairs by Mr. and Mrs. Egan and it is reasonable to assume that the door was left open for their own convenience.
It is the opinion of this court that a place of business is a public place so long as it is kept open for the purpose of serving the public, but when the business of the day is ended and the place closed for business it ceases prima facie to be a public place and, in the absence of other proof, is not to be regarded as a public but a private place. When reopened it again becomes a public place in point of fact and legal contemplation.
After carefully reviewing the law and the evidence, it is the decision of this court that the defendant-appellant’s conviction is reversed, the information dismissed, and the fine remitted. Submit order accordingly.