**CITY OF ST. JOSEPH, Missouri,
Respondent,**

v.

**Edwin B. CHRISTGEN, Appellant.**

**No. 58332.**

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1974.

Ronald E. Taylor, Thomas R. Summers, St. Joseph, for respondent.

Kranitz & Kranitz, by Theodore M. Kranitz, St. Joseph, for appellant.

HOUSER, Commissioner.

Edwin B. Christgen, charged with violating § 16–129 of the Code of Ordinances of St. Joseph, was found guilty by a jury, and he was fined $50. From the judgment of conviction he has appealed, asserting that the ordinance violates the First and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 8, 10 and 19 of the Constitution of Missouri, V. A.M.S., as a result of which this Court has jurisdiction.

Section 16–129 relating to disorderly conduct, provides as follows: "No person shall conduct himself in a disorderly manner, or make or create any loud and unusual noise, or indulge in any conduct which would tend to annoy or disturb any other persons or the public generally in or upon any street, sidewalk, public place or place open to the public."

The information charged that on a certain day within the corporate limits of St. Joseph, "at or near Ramada Inn, above-named defendant did then and there unlawfully conduct himself in a disorderly manner which would tend to annoy other persons at a place open to the public by shoving Officer Lysaght, and by using loud and obscene language, to-wit: [here follows the allegedly offensive language]."

All of the public facilities of Ramada Inn in St. Joseph were contracted for by three corporations engaged in the walnut products business for a private employees' party for the evening of August 12, 1972. Defendant, manager of one of the host companies, arranged with the manager of Ramada Inn, Mr. Harlin, for the ballroom, the swimming pool, the restrooms, "everything," and that was the understanding. During the course of the evening some uninvited parties "crashed" the party. There were remonstrances. Fisticuffs ensued, in the course of which one of the company employees received a bloody nose. He and a coemployee went into the restroom adjacent to the main lobby to wash and clean up. Two policemen, called when the fracas

commenced, entered Ramada Inn, were directed to the men's restroom, and upon entering that room were challenged by defendant, who, according to Officer Lysaght, looked at the officers and stated and repeated the allegedly offensive words, whereupon, after shoving the officer, defendant was arrested on a charge of disorderly conduct.

■ The unconstitutionality of the section is the principal point asserted on this appeal, but this Court does not decide constitutional questions where not necessary to a decision of the case. United Air Lines, Inc. v. State Tax Commission, 377 S.W.2d 444, 452 [11] (Mo. banc, 1964). We do not reach the constitutional question because the trial court erred in not directing a judgment of acquittal at the close of all the evidence on the ground that the alleged misconduct did not occur in a public place or place open to the public, within the meaning of the language of the section.

A public place, "in general, is any place where the public is permitted or invited to go or congregate, a place of common resort, a place where the public has a right to go and be." Wann v. Reorganized School District No. 6, 293 S.W.2d 408, 414 [11] (Mo.1956). Ordinarily a hotel, inn or restaurant is a place of public resort affected with a public interest in the sense that it is a public place or place open to the public. State v. Musser, 67 Idaho 214, 176 P.2d 199 (1946); Hoitt v. Burnham, 61 N.H. 620, 623 (1882); Nelson v. City of Natchez, 197 Miss. 26, 19 So.2d 747 (1944). Such a place of business, however, while generally regarded as a public place, under given circumstances may not be affected with a public character. Thus, a restaurant which has been closed and locked after midnight under the mistaken impression that all of the patrons have gone is not a "public place." Defendant, arrested for public intoxication when discovered alone inside the restaurant by the proprietor (who returned when she heard the juke box playing) was held not guilty of public intoxication, in People v. Wuest, 24 Misc.2d 671, 201 N.Y.S.2d 834, 836, 837 (1960). A room in a building adjoining and connected with a hotel or tavern, which is closed against outsiders, is not a public place, within the meaning of the gaming laws. State v. Brast, 31 W.Va. 380, 7 S.E. 11, 12 (1888). A water closet is not a public place. Thus, a urinal with divisions for the use of the public, situated in an open market, was held not to be a "public place," as used in an indictment charging indecent exposure of the person in a public place, in Regina v. Orchard and Thurtle, 20 Eng.Law & Eq. 598 (1848). A privy used by the pupils of a country schoolhouse and attached to the premises, during vacation period while the main building was not being used for school purposes, was held not to be a public place to which people resort, within the meaning of a statute relating to playing cards in a public place, in McDaniel v. State, 35 Ala. 390, 391 (1860).

■ On the night of August 12, 1972 Ramada Inn was not a "public place or place open to the public" within the meaning of § 16–129. All of the facilities of the inn, including the restrooms, were reserved for a private party. On that evening Ramada Inn was a private place, and the restroom where the offense is alleged to have taken place was a private place and not a public place . . . . it was not a place open to the public that evening. The gist of the offense of disorderly conduct under the section is annoyance or disturbance of persons or of the public generally in public places or places open to the public, and therefore the public character of the place must not only be charged but also proved as an element essential to a conviction. State v. Temple, 262 S.W.2d 304 (Mo.App.1953).

Judgment reversed and fine remitted.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., and MORGAN, J., concur.

FINCH, J., dissenting in separate dissenting opinion filed.

FINCH, Judge (dissenting).

I respectfully dissent from the principal opinion herein. In my judgment there is not sufficient basis in the record before us to overturn this conviction on the ground that the rest room where the alleged offense occurred was not a public place to which the St. Joseph ordinance was applicable.

The incident in question occurred in the men's rest room immediately adjacent to the lobby of the Ramada Inn at St. Joseph, Missouri. During the testimony of one of the arresting officers, he was asked, "This was a public rest room, wasn't it?" and he replied, "Yes, sir." This constituted a sufficient showing by the state.

During the presentation of defendant's evidence, the following occurred:

"Q. How did you happen to be at the Ramada Inn?

"A. This was the place we had contracted for their facilities, so we went there.

"Q. For all of their public facilities?

"A. That was our intention.
* * * (Objection interposed)

"Q. Do you have knowledge of the contract that was made?

"A. Only speaking with the manager, Mr. Harlin.

"Q. Did that include the ballroom?

"A. We assumed we had the ballroom, and we had the pool. We assumed everything.

"Q. The rest rooms?

"A. I hope so.

"Q. That was your understanding?

"A. Yes, sir."

The foregoing is not sufficient, in my judgment, to justify a holding that the trial court should have directed a verdict on the ground that the alleged misconduct did not occur in a public place or one open to the public. Other testimony discloses that certain wood products companies held a party for about 250 people at the Ramada Inn that evening. They had contracted for use of the swimming pool and the ballroom where their party was held. There was no showing that they rented the sleeping rooms rented to the traveling public, the restaurant or the motel lobby. When asked whether he had arranged to rent the rest rooms, defendant answered, "I hope so." That is not such a showing that defendant and his companies had acquired exclusive right to the public rest rooms off the lobby as to mandate that the trial judge should direct a verdict. Those rest rooms are the ones which serve the general public in their use of the Ramada Inn lobby. Since defendant had not rented the lobby or the regular motel rooms, it is unlikely that someone holding a party in the ballroom could acquire exclusive right to and control of those rest rooms. Only if they actually rented and took over the entire facility for that night would that reasonably occur. In any event, once the state's case included testimony that the rest room was a public one, defendant needed more proof than he offered to be entitled to a directed verdict on that issue.

I would decide this appeal on the merits but since the principal opinion has not considered the various points raised, I do not undertake in this dissent to express any view as to what disposition I would make of such issues.