

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. HEART OF AMERICA ) 
COUNCIL, BOY SCOUTS OF AMERICA ) 
 and ) 
BOY SCOUTS OF AMERICA, ) 
 ) 
    Relators, ) 
 ) 
vs. )     **SC94942** 
 ) 
THE HONORABLE CHARLES H. McKENZIE, ) 
 ) 
    Respondent. ) 

## ORIGINAL PROCEEDING IN PROHIBITION

*Opinion issued March 15, 2016*

The Heart of America Council of the Boy Scouts of America and the national Boy

Scouts of America organization (collectively, "the Boy Scouts") seek a writ of

prohibition preventing the trial court from taking any action other than to grant their

motions for summary judgment on plaintiff John Doe's claims for statutory childhood

sexual abuse in violation of section 537.046,[1] battery, and negligence. The Boy Scouts

argue the trial court erred in overruling their motions because the applicable statutes of

limitations for all the claims have expired. Further, the Boy Scouts contend that Mr. Doe

---

[1] Statutory citations are to RSMo Supp. 2013 except where otherwise indicated.

cannot bring a childhood sexual abuse claim under section 537.046 against the Boy Scouts because it only authorizes actions against the alleged perpetrator of the abuse, who in this case is Scoutmaster Bradshaw.

This Court issued its preliminary writ. It now makes that writ permanent. The statutes of limitations for the battery and negligence claims against the Boy Scouts have expired, and the longer statute of limitations set out in section 537.046 applies only to statutory claims of childhood sexual abuse brought under that section; it does not extend the statute of limitations for the additional common law claims asserted for battery and negligence.

This Court also holds that, by its terms, section 537.046 creates a cause of action only against the person who allegedly committed the abuse. It does not provide a cause of action for childhood sexual abuse against non-perpetrators such as the Boy Scouts organization. This Court cannot expand the scope of the statute beyond its plain and ordinary meaning. Mr. Doe, therefore, cannot sue the Boy Scouts for childhood sexual abuse under section 537.046.

## I.    FACTUAL AND PROCEDURAL HISTORY

John Doe was born on May 1, 1980. He alleges that he was sexually abused by his scoutmaster, Mr. Bradshaw, from 1992 to 1997, while he was between 12 and approximately 18 years old and was a member of Mr. Bradshaw's Boy Scout troop in Kansas City, Missouri. Mr. Doe does not claim that he repressed his memory of the abuse; to the contrary, he says that he always has been aware of the abuse. Mr. Doe's parents learned of the alleged abuse in 1997 and reported it to the local police.

In mid- to late 1999 and early 2000, Mr. Doe began collecting evidence related to the alleged sexual abuse. In 2001, after he turned 21 years old, Mr. Doe met with an attorney but decided not to proceed with a lawsuit. Mr. Doe claims he and his family did not pursue criminal or civil remedies because the Boy Scouts organization said it would "take care of" the situation without revealing that this was just one of many alleged incidents involving Boy Scout leaders. Mr. Doe does not allege any settlement was reached, nor does he allege that the Boy Scouts hindered Mr. Doe from contacting an attorney or filing suit.

Several years later, sometime between 2007 and 2011, Mr. Doe met again with the same attorney about this same matter, but that attorney declined to represent him. Another attorney also declined to represent Mr. Doe and informed him that the applicable statutes of limitations had run. Mr. Doe contacted another attorney who, on April 4, 2011 – a few weeks before Mr. Doe's 31st birthday – filed the underlying suit against Mr. Bradshaw; the Heart of America Council, of which Mr. Bradshaw's Boy Scout troop was a part; and the parent Boy Scouts organization, the Boy Scouts of America.

The petition alleges three counts against the Boy Scouts.

- In Count I, Mr. Doe claims the Boy Scouts are vicariously and directly liable under section 537.046 for the childhood sexual abuse allegedly committed by Mr. Bradshaw against Mr. Doe because Mr. Bradshaw was acting within the course and scope of his duties when he abused Mr. Doe and because the Boy Scouts "(a) aided and abetted Bradshaw; (b) negligently failed to properly vet Bradshaw before allowing him to be a Scoutmaster or an authorized adult

3

volunteer; and/or (c) negligently failed to properly supervise and monitor Bradshaw's interactions with plaintiff."

- In Count II, Mr. Doe claims the Boy Scouts are vicariously liable for the common law battery allegedly committed by Mr. Bradshaw against Mr. Doe.

- In Count III, Mr. Doe claims the Boy Scouts are directly liable for negligence because they had a "duty to protect plaintiff and provide him with a safe Scouting experience" and they breached that duty by the same conduct alleged in support of his statutory claim for childhood sexual abuse.

The Boy Scouts answered that the childhood sexual abuse statute does not provide a basis for liability for anyone other than the actual perpetrator of the abuse and asserted that they were neither directly nor vicariously liable for Mr. Bradshaw's acts, which were not within the scope and course of employment, and that in any event all of Mr. Doe's claims were barred by the various applicable statutes of limitations. They sought summary judgment on these grounds. Mr. Doe argued that his claims were timely filed under language added to section 537.046 in 2004 stating that the limitations period for a childhood sexual abuse claim does not run until 10 years after the victim of childhood sexual abuse turns 21. He alleged that this lengthening of the applicable limitations period applies to all claims pertaining to the abuse, including common law claims for battery and negligence, and further claims that it applies to both perpetrators and non-perpetrators who are alleged to be liable based on vicarious liability, aiding and abetting, or negligent hiring or supervision.

The trial court denied the Boy Scouts' motions for summary judgment. The Boy

4

Scouts filed a petition for writ of prohibition asking this Court to enjoin the trial court from proceeding in the case other than to sustain the Boy Scouts' motions for summary judgment.[2] This Court issued a preliminary writ of prohibition on June 30, 2015.

## II. STANDARD OF REVIEW

This Court "may issue and determine original remedial writs*." Mo. Const. art. V, § 4.1.* The standard of review of the grant or denial of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993).* This Court seldom grants a writ to compel the grant of a motion for summary judgment, but a "writ of prohibition is appropriate in the context of summary judgment to prevent unnecessary, inconvenient and expensive litigation." *State ex rel. City of Blue Springs v. Nixon, 250 S.W.3d 365, 369 (Mo. banc 2008)* (internal quotations omitted). In particular, issuance of a writ "can be an appropriate remedy where a trial court erroneously permits a claim that is barred by the statute of limitations to proceed to trial." *State ex rel. Bloomquist v. Schneider, 244 S.W.3d 139, 141 (Mo. banc 2008).*[3]

---

[2] Mr. Bradshaw did not move for summary judgment, and the claims against him are not part of this writ proceeding.

[3] Mr. Doe suggests that because this Court does not know on which ground the trial court granted summary judgment, its decision would be an advisory opinion. This is incorrect. An opinion is advisory if there is no justiciable controversy, such as if the question affects the rights of persons who are not parties in the case, the issue is not essential to the determination of the case, or the decision is based on hypothetical facts. *See, e.g., Harris v. Consol. Sch. Dist. No. 8 C, Dunklin County, 328 S.W.2d 646, 653-54 (Mo. banc 1959); State ex rel. State Bd. Of Mediation v. Pigg, 244 S.W.2d 75, 79 (Mo. banc 1951).* Here, the Court's opinion is not merely advisory. Whichever ground caused the trial court to deny summary judgment, it erred in doing so because the Boy Scouts were entitled to summary judgment based on the statutes of limitations and because the child abuse statute does not provide a cause of action against non-perpetrators.

### III.    BATTERY AND NEGLIGENCE CLAIMS ARE TIME-BARRED

#### A.  Battery and Negligence Statutes of Limitations are Expired

The Boy Scouts argue that they are entitled to summary judgment on the battery and negligence counts because the statutes of limitations for battery and negligence expired many years ago.[4]  This Court agrees.

The statute of limitations for battery is two years. *§ 516.140*. The statute of limitations for negligence is five years.  *§ 516.120*.  Each limitations period begins to run when the damages are sustained and capable of ascertainment.  *§ 516.100; State ex rel. Marianist Province of the United States v. Ross, 258 S.W.3d 809, 811 (Mo. banc 2008).* Except in cases of repressed memory, damages are usually ascertainable at the time of the tortious conduct, which normally is sufficient to "place a reasonably prudent person on notice of a potentially actionable injury."  *Marianist Province, 258 S.W.3d at 811* (internal citation omitted).    Where, as here, the plaintiff was a minor at the time of the tortious conduct, however, the statute is tolled until the plaintiff reaches age 21.

---

[4] While Mr. Doe argues that the Boy Scouts did not timely raise their affirmative defenses because they did not timely file their answer to the petition, they acknowledge that, as authorized by Rule 44.01, the trial court granted the Boy Scouts leave to file their answer out of time and overruled Mr. Doe's motion to strike the Boy Scouts' affirmative defenses related to the statutes of limitations. Those defenses, therefore, were not waived. Mr. Doe does not raise a claim on appeal that these trial court rulings were an abuse of discretion.  Further, while Mr. Doe argues that insufficient facts were pleaded in support of the statutes of limitations defenses, the undisputed timing of the events in this case are what compel summary judgment.  Finally, the Boy Scouts' contention that the childhood sexual abuse act does not apply to non-perpetrators is not an affirmative defense but a negation of Mr. Doe's cause of action against them.

*§ 516.170.*[5]

In this case, Mr. Doe alleges the tortious conduct occurred from 1992 to 1997, when he was 12 to approximately 18 years of age. Mr. Doe turned 21 on May 1, 2001. Under section 516.170 as in effect during this period, he had two years from the time he reached age 21 in which to bring suit for battery and five years to bring any claim for negligence. While Mr. Doe consulted attorneys about filing suit in 2001 and 2009, he chose not to file suit until 2011, a few weeks shy of his 31st birthday. This was long after the statute of limitations for battery expired in 2003 and for negligence expired in 2006 if those claims are governed by the two- and five-year statutory periods set out in sections 516.140 and 516.120.

Mr. Doe admits that he failed to file suit within the statutory periods for the battery and negligence claims under sections 516.120 and 516.140 but argues that the statutes of limitations on his claims for negligence and battery should be tolled under section 516.280. That section states: "If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

"The essence of a fraudulent concealment action is that a defendant, by his or her post-negligence conduct, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant." *Batek v. Curators of Univ. of Missouri, 920*

---

[5] The statute of limitations may further be tolled if the plaintiff claims a repressed memory, but Mr. Doe admits he did not have a repressed memory.

*S.W.2d 895, 900 (Mo. banc 1996).* Improper acts are "uniformly held to mean some act on the part of the defendant that would hinder or delay the commencement of a suit, the service of process or some necessary step in relation thereto." *Wheeler v. Missouri Pac. R. Co., 42 S.W.2d 579, 583 (Mo. 1931).* "Fraudulent concealment is inapplicable if a plaintiff knows or should have known he had a cause of action." *M & D Enterprises, Inc. v. Wolff, 923 S.W.2d 389, 400 (Mo. App. 1996).*

In the instant case, Mr. Doe has failed to allege any conduct by the Boy Scouts that hindered or delayed his commencement of this action until after the expiration of the statutes of limitations for battery or negligence. *Batek, 920 S.W.2d at 900.* He admits that he always remembered the abuse. He does say that he decided not to pursue criminal or civil remedies because his family was told by the Boy Scouts that they would "take care of" the situation and that they failed to reveal to him that there were other cases of sexual abuse by Boy Scout leaders. Whether or not these facts would be relevant in a timely filed suit, they do not affect the limitations period on Mr. Doe's claims. He concedes he always knew of his own claims and does not allege that whether others were abused constituted a legal hindrance to his filing suit. Further, he had counsel to advise him both at the time he decided not to pursue his claims and when he again consulted counsel at an unspecified time between 2007 and 2011 but again chose not to sue. Indeed, he chose not to act on his claims for almost another decade after he turned 21. No conduct by the Boy Scouts impaired his ability to do so. *Batek, 920 S.W.2d at 900.* The statutes of limitations were not tolled on Mr. Doe's claims for negligence and battery against the Boy Scouts under section 516.280.

### B. The Childhood Sexual Abuse Statute does not Govern Claims Sounding in Battery and Negligence.

Mr. Doe alternatively argues that the statute of limitations for childhood sexual abuse under section 537.046 should apply to his battery and negligence claims against the Boy Scouts because he alleges that the same conduct that constituted the abuse also constituted a battery and resulted from the Boy Scouts' negligence. While the same conduct may underlie Mr. Doe's negligence and battery claims as underlies his childhood sexual abuse claims, he is asserting that those facts support three different torts. The legislature has set out different statutes of limitations for the two common law claims of battery and negligence than for the statutory claim of childhood sexual abuse. The statute of limitations for childhood sexual abuse is set out in section 537.046, which states:

> 1. As used in this section, the following terms mean:
> (1) **"Childhood sexual abuse"**, any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which act would have been a violation of section 566.030, 566.040, 566.050, 566.060, 566.070, 566.080, 566.090, 566.100, 566.110, or 566.120, or section 568.020;
> (2) **"Injury"** or **"illness"**, either a physical injury or illness or a psychological injury or illness. A psychological injury or illness need not be accompanied by physical injury or illness.
> 2. Any action to recover damages from injury or illness caused by childhood sexual abuse *in an action brought pursuant to this section* shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.
> 3. This section shall apply to any action commenced on or after August 28, 2004, including any action which would have been barred by the application of the statute of limitation applicable prior to that date.

*§ 537.046* (italics added; bold in original).

While section 537.046 does not expressly state it is creating a new cause of action

for childhood sexual abuse, that is its effect because it provides a definition of "childhood sexual abuse" and then states that suit for childhood sexual abuse in "an action brought pursuant to this section" shall be brought in a set amount of time. It thereby provides a specific statutory basis for recovery for victims of childhood sexual abuse.

Because the statutory period set out in section 537.046 is longer than the statutes of limitations periods for battery or negligence, it would permit a plaintiff who falls within its terms to sue for childhood sexual abuse even after that person's claims for negligence or battery are time-barred. Section 537.046 does not, however, purport to extend the statutory period for bringing claims for battery or negligence. To the contrary, subsection 1(1) defines what acts constitute "childhood sexual abuse," and those acts do not include battery or negligence. The defined acts are limited to acts committed against a person under the age of 18 years that would have been a violation of the criminal sex offense statutes identified in the statute.[6] Battery and negligence are not listed.

Equally important, section 537.046.2 states that the special statute of limitations set out in that statute applies only to "an action brought pursuant to this section" – that is, suit under section 537.046. A suit for battery or for negligence is a suit brought under the common law, not under section 537.046. Therefore, the statute of limitation set forth in section 537.046 does not extend the statute of limitations for plaintiff's negligence and

---

[6] Specifically, the statute lists *§§ 566.030* (first-degree rape); *566.040* (second-degree rape) (transferred to *566.031, RSMo Supp. 2013*); *566.060* (first-degree sodomy); *566.070* (second-degree sodomy) (transferred to *566.061, RSMo Supp. 2013*); (second-degree sexual abuse) (transferred to *566.101, RSMo Supp. 2013*); *566.100* (first-degree sexual abuse); *568.200* (incest). Sections 566.050, .080, .110 and .120 were repealed effective January 1, 1995. *1994 Mo. Laws 1135–37.*

battery claims. Those claims are time-barred under the applicable statutes of limitations for those torts, set out in sections 516.120 and 516.140, respectively. This Court, therefore, turns to Mr. Doe's claim against the Boy Scouts under section 537.046 itself.

## IV. *CHILDHOOD SEXUAL ABUSE STATUTE DOES NOT PROVIDE A CAUSE OF ACTION AGAINST NON-PERPETRATORS*

Mr. Doe asserts that a statutory childhood sexual abuse claim can be brought against non-perpetrators as well as perpetrators because the legislature defined the cause of action under section 537.046 as "any action to recover damages from injury or illness caused by childhood sexual abuse …" and did not include language excluding non-perpetrators. This Court disagrees. The statute must be read as a whole. Section 537.046.1 defines "childhood sexual abuse" as "any act *committed by the defendant* against the plaintiff …." *§ 537.046.1* (emphasis added). By its terms, section 537.046 requires the defendant to have committed the act to be culpable under that statute. A corporation or association cannot itself commit the criminal acts that constitute childhood sexual abuse. It must act through its agents. Section 537.046 does not contain any basis to impose liability for acts committed by others.

Mr. Doe asks this Court, nonetheless, to read into the statute the right to sue non-perpetrators. The Court rejects this argument. "Courts do not have the authority to read into a statute a legislative intent that is contrary to its plain and ordinary meaning. The legislature may wish to change the statute …. But this Court, under the guise of discerning legislative intent, cannot rewrite the statute." *State v. Rowe, 63 S.W.3d 647, 650 (Mo. banc 2002), citing, Kearney Special Rd. Dist. v. County of Clay, 863 S.W.2d*

11

*841, 842 (Mo. banc 1993).* "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." *Rowe, 63 S.W.3d at 649*

For this reason, the Eighth Circuit Court of Appeals recently rejected a similar claim against a non-perpetrator principal for childhood sexual abuse by a teacher, stating "[a] nonperpetrator defendant could not cause injury or illness by 'childhood sexual abuse,' as that term is defined, because such a defendant necessarily has not *committed* one of the enumerated acts." *Walker v. Barrett, 650 F.3d 1198, 1209 (8th Cir. 2011)* (emphasis in original).[7] This Court agrees. Mr. Doe's claims against the Boy Scouts under section 537.046 fail to state a claim because the statute creates a cause of action against the perpetrators of sexual abuse only.[8]

---

[7] To the extent that Mr. Doe argues vicarious liability, again, the statute permits suit only against the defendant, not others. To the extent that he asserts direct liability for failure to supervise, again, such negligence, if proved, would not prove that the Boy Scouts themselves perpetrated the sexual abuse. To the extent that Mr. Doe asserted that the Boy Scouts aided and abetted in the conduct by their negligent hiring and supervision, they mix a criminal concept with civil liability. Missouri law does impose equal criminal liability on "all persons who act in concert" in the commission of a crime. *§ 562.041.1*; *State v. Barnum, 14 S.W.3d 587, 591 (Mo. banc 2000)*. But section 537.046 does not incorporate section 562.041.1 into the definition of "childhood sexual abuse."

[8] Mr. Doe also claims that while his claim of childhood sexual abuse may have been time-barred under the version of section 537.046 in effect prior to 2004, it was revived by the version of section 537.046 adopted by the legislature in 2004, one year after the old statute of limitations had expired, because subsection 3 of the revised statute said that its extended statute of limitations "shall apply to any action commenced on or after August 28, 2004, including any action which would have been barred by the application of the statute of limitation applicable prior to that date." The Boy Scouts counter that in *Doe v. Roman Catholic Diocese of Jefferson City, 862 S.W.2d 338, 341 (Mo. banc 1993)* (internal citations omitted), this Court held that pursuant to Missouri Constitution, article I, section 13's bar on laws "retroactive in operation" "once the original statute of limitation expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature, and therefore article I, section 13,

*V.*    *CONCLUSION*

For the reasons set out above, this Court holds that the battery and negligence claims against the Boy Scouts are time-barred and that there is no cause of action against non-perpetrator defendants like the Boy Scouts under section 537.046.  The preliminary writ of prohibition is made permanent.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

---

prohibits the legislative revival of the cause of action."  *Id.*  Because this Court has found that section 537.046 does not apply to non-perpetrators, it does not reach this important issue, for a court "does not decide constitutional questions where not necessary to a decision of the case."  *City of St. Joseph v. Christgen, 513 S.W.2d 458, 459 (Mo. 1974).*