**Jacquelyn ROSS and Hartzell Lee Ross, Appellants,**

v.

**KANSAS CITY GENERAL HOSPITAL AND MEDICAL CENTER, Respondent.**

**No. 62048.**

Supreme Court of Missouri, En Banc.

Nov. 12, 1980.

Rehearing Denied Dec. 15, 1980.

Paul L. Redfearn, III and William H. Pickett, P. C., Kansas City, for appellants.

Darwin E. Johnson and Thomas V. Bender, Kansas City, for respondent.

SEILER, Judge.

This case involves the question of the validity of § 516.105 RSMo 1978 which, stated generally, requires actions for malpractice to be brought within two years of the negligent act, except when the negligence involves leaving a foreign object in the body, in which case the action must be brought within two years of the date of discovery.[1]

Plaintiffs contend this difference in treatment as to when an action must be brought between those who are unable to discover the negligent act in cases not involving foreign objects and those who are unable to discover the negligent act of leaving an object in the body--the former having only two years from the date of the negligent act and the latter having two years from the date of discovery of the foreign object--constitutes deprivation of equal protection and due process, is class legislation, and violates their right of privacy. Plaintiffs, therefore, contend the statute is unconstitutional and that their rights are governed by the general five year statute of limitations, § 516.120, RSMo 1978.

---

1. The exact language of § 516.105 is as follows:

   "All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten years shall have until his twelfth birthday to bring action, and except that in cases in which the act of neglect complained of its [sic] introducing and negligently permitting any foreign object to remain within the body of a living person, the action shall be brought within two years from the date of the discovery of such alleged negligence, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of."

These are the facts: Plaintiffs communicated to Dr. Hooshang Amiri their desire not to have any more children. On March 14, 1975, he performed on Mrs. Ross a bilateral tubal cauterization for the purpose of sterilization. This was done at Kansas City General Hospital and Medical Center, also known as Truman Medical Center. However, in December 1975, Mrs. Ross learned she was pregnant, a fact confirmed by specific tests made January 23, 1976. The child was born July 3, 1976.

Mr. and Mrs. Ross first complied with the then in force Professional Liability Review Board proceedings, § 538.010–.080, RSMo 1978 (subsequently declared unconstitutional by this court[2]). They filed notice with the Board on August 10, 1977. On July 14, 1978, a hearing was held. The recommendations of the Board were accepted by plaintiffs on August 11, 1978, rejected by defendants on August 21, 1978, and the present lawsuit was filed August 24, 1978.

Among other matters in their answer, defendants alleged that the action was barred by the statute of limitations, § 516.-105, *supra.* The trial court sustained defendants' motion for judgment on the pleadings based on the statute of limitations. Plaintiffs have appealed, making the contentions set forth above. We affirm.

What is now § 516.105 was enacted in 1976, L. 1976, p. 767, C.C.S.S.C.S. S.B. 470, section 2. Prior to 1976, the medical malpractice limitation statute was § 516.140, RSMo 1969, which provided that all such actions must be brought within two years from the date of the act of neglect complained of. Nothing was said about a different starting point for cases where a foreign object was left in the body. In *Laughlin v. Forgrave*, 432 S.W.2d 308 (Mo. banc 1968), the court held that a malpractice action brought in 1963 was not timely even though the injury caused by the operation was not discovered until 1962 where the operation was performed in 1951. The trouble was due to a foreign object left in

the back in the 1951 operation. Despite the conceded fact that plaintiff could not have known what was causing her trouble until 1962, the court held the statute ran from the date of the act of neglect, not from the time of discovery.

Thereafter, as said, the legislature, in 1976, repealed § 516.140 and enacted present § 516.105, which continues the two year limitation commencing from the date of act of neglect, except for foreign object cases, which commence from the date of discovery. Plaintiffs contend there is no rational basis to support this different classification of medical plaintiffs.

As is usually the case, there is no legislative history available setting forth the reasons why the General Assembly saw fit to repeal § 516.140 and enact § 516.105 in its place. One reason why the legislature acted may have been that the legislature considered it particularly unfair that a claimant in whom a foreign object has been left should be barred by the statute of limitations even before there was any discovery of the foreign object, as happened to plaintiff in the *Laughlin* case, *supra.* Or the legislature might have believed it was proper to measure from the time of discovery in the foreign object cases rather than from the time of the act of neglect, because there is less likely to be as great a problem with stale evidence when a foreign object is left in the body than in the other types of malpractice cases. There are likely to be greater certainties of proof in a foreign object case. A rational legislature could have based its decision on such considerations.

The classification thus made between two classes of claimants with reference to when the statute of limitations commences to run cannot be said to be without any reasonable basis, nor is any distinction drawn between members within each class. There is no equal protection violation. *Crane v. Riehn*, 568 S.W.2d 525 (Mo. banc 1978); *St. Louis Union Trust Co. v. State*, 348 Mo. 725, 155

2. *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979).

S.W.2d 107, (1941), *cert. den.* 314 U.S. 700, 62 S.Ct. 485, 86 L.Ed. 560 (1941).

■ Plaintiffs also argue that since the statute could have accomplished the purpose of preventing stale claims by providing generally for a limitation period of two years from the discovery of the act of neglect, the statute is invalid as amounting to a special law when a general law could have been made applicable, citing subsection 6 and 30, § 40, art. III, Mo.Const. Section 40 proscribes local or special laws pertaining, among numerous other subjects, to limitation of civil actions (subsection 6) and where a general law can be made applicable (subsection 30). What we have here, however, is not a local or special law, as it applies uniformly throughout the state, equally to all those whose claim is based on a foreign object being left in the body and equally to all those whose claim of medical malpractice is not based on the leaving of a foreign object in the body.

■ Subsection 30 provides that when a general law can be made applicable, the legislature shall not pass any local or special law. For it to apply, it must first be found that the legislation under attack is a local or special law. This is not the case with § 516.105. A law which includes less than all who are similarly situated is special, but a law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis. *State v. Cushman,* 451 S.W.2d 17, 19 (Mo.1970). As pointed out earlier, there are valid reasons why the legislature could elect to provide a different time for the starting of the limitation period with respect to those who have foreign objects left in their body than for those who claim other types of medical negligence. Therefore, § 516.105 does not violate subsections 6 or 30 of § 40 of art. III.

■ As to plaintiffs' claim of lack of due process, the court pointed out in *Laughlin v. Forgrave, supra,* at 314, that statutes of limitation will not be held unconstitutional as denying due process unless the time allowed for commencement of the action and the date fixed when the statute commences to run are clearly and plainly unreasonable. Two years from the date of the act of neglect was upheld in *Laughlin* as not unreasonable. Two years from the date of discovery in case of a foreign object left in the body could not be less than two years after the date of the act of neglect and might well be considerably longer, so, *a fortiori,* it is not unreasonable. We do not believe the due process claim has any merit.[3]

■ Plaintiffs' final contention is that Mrs. Ross had a right to prevent future procreation by having a bilateral tubal cauterization; that the doctor's negligent performance of the operation, and the subsequent pregnancy and birth of the child made this right a nullity and that the application of the bar of § 516.105 means the state is preventing plaintiffs from vindicating their right to privacy; that the only way this right can mean anything to plaintiffs, given the present circumstances, is for them to be able to recover money damages and this the state is preventing by the two year statute of limitations, § 516.105, *supra,* which makes it unconstitutional. Additionally, they contend unless they are given the desired relief, there will be no deterrence to future unconstitutional acts.

There are several defects in the argument. In the first place, once plaintiffs decided not to have any more children, § 516.105 did not directly infringe on that

---

**3.** In addition to their position that the two year period is unreasonably short, plaintiffs close the due process part of their brief with the assertion that they should have the same amount of time to file suit as would be the case had defendants left a foreign object in Mrs. Ross' person during the March 14, 1975 operation. This would mean two years from December 1975, so that the notice filed with the Board on August 10, 1977, which would toll the running of the statute, was filed before the two years and the subsequent filing of suit on August 24, 1978, following the hearing held on July 14, 1978, would be timely.

To adopt plaintiffs' contention would require us to rewrite the statute so that date of discovery would be the starting point of the limitation period for all medical plaintiffs. They offer no authority or basis on which this court could engage in such a step.

decision. The infringement came from the doctor's alleged failure to perform the sterilization properly. For this failure, the plaintiffs are entitled to sue for damages, the same as they would be for damages for personal injuries resulting from negligence in the operation of a bus or an automobile. But the right to sue for damages may be limited by the state by a statute of limitations, based on the perceived desirability of having some deadline beyond which claims cannot be maintained in a judicial proceeding. 51 Am.Jur.2d Limitation of Actions, § 12, p. 598 (1970). Such statutes of limitation always result in defeating the plaintiff's efforts to vindicate or enforce his or her claim for damages. We fail to see where the fact that the original goal of the plaintiffs was to prevent their having any more children changes the situation so as to make the statute unconstitutional.

The judgment is affirmed.

All concur.