673 P.2d 922

**Daniel C. DeBOER, M.D., Petitioner,**

v.

**The Honorable Michael J. BROWN, Pima County Superior Court Judge; and Calvin L. Dotson, et al., Real Parties in Interest, Respondents.**

**No. 2 CA–CIV 4642.**

Court of Appeals of Arizona, Division 2.

Jan. 17, 1983.

Rehearing Denied March 11, 1983.

Review Granted June 10, 1983.

---

of experience over and above that required for the job.

Although the appellee does not question the admissibility of this evidence in her answering brief or present this as a cross issue, her counsel, in oral argument, did contend that this court should not consider this evidence. Her counsel argues that the Westford hiring was not only subsequent to the alleged discrimination but also after the complaint had been filed with the civil rights division of the Arizona attorney general. The date of this filing does not appear in the appellate record. Even though the trial court admitted this evidence we do not know whether it was considered since the trial court is presumed to ignore evidence which should not have been admitted. We do not decide whether the evidence was admissible since the issue is not really before us and a consideration of this evidence is not necessary to our decision.

Chandler, Tullar, Udall & Redhair by Jack Redhair, Tucson, for petitioner.

Bolding & Zavala by Ed Bolding and Michael B. Grayson and Frederick S. Klein, Tucson, for real party in interest Dotson.

Snell & Wilmer by John J. Bouma and Preston H. Longino, Jr., Phoenix, for amicus curiae Arizona Medical Ass'n, Inc.

Lewis & Roca by Roger W. Kaufman, Phoenix, for amicus curiae Arizona Hosp. Ass'n.

## OPINION

HATHAWAY, Judge.

■ Petitioner, defendant in a pending medical malpractice action in superior court, brings this special action to challenge the respondent court's denial of his motion for summary judgment raising the statute of limitations as a bar to the action. Although we exercise our special action juris-

diction sparingly to review denial of a summary judgment, we will exercise such jurisdiction where the statute of limitations is an absolute bar. *Engle Bros., Inc. v. Superior Court in and for the County of Pima,* 23 Ariz.App. 406, 533 P.2d 714 (1975). We therefore assume jurisdiction.

The pertinent facts are as follows. Mr. Dotson was a patient of petitioner DeBoer in July and August 1976. On or about August 12, 1976, Dr. DeBoer took a sample of the skin from a lesion on Mr. Dotson's back for diagnostic purposes. The doctor failed to diagnose the lesion as cancerous and informed Mr. Dotson that the lesion was a common ordinary wart. The doctor's office advised Mr. Dotson that there was nothing wrong and that he need not have any further examinations with respect to the lesion. Until April 1980, there were no externally discernible changes to the lesion. In April 1980, other physicians to whom Mr. Dotson had gone for an unrelated problem diagnosed the lesion as malignant. This lawsuit was filed on September 18, 1981. The complaint alleged that Dr. DeBoer had failed to properly diagnose Mr. Dotson's medical problem and had failed to treat him properly for his condition.

Dr. DeBoer moved for summary judgment on the ground that the action was barred by the statute of limitations pertaining to medical malpractice actions, A.R.S. § 12–564, which provides:

"§ 12–564. Health care injuries; limitations of actions; exception

A. A cause of action for medical malpractice against a licensed health care provider accrues as of the date of the injury and shall be commenced and prosecuted within three years after the date of injury. In no event shall the time for commencement of legal action exceed three years from the date of injury except as provided in subsections B, C and D.

B. In an action based on injury through the leaving of a foreign object having no therapeutic, diagnostic or other medical reason for remaining in the patient's body, the period of limitations shall be tolled until the discovery of the foreign object or when the foreign object, with the exercise of reasonable diligence, should have been discovered, whichever occurs first.

C. In an action where a defendant or an agent of a defendant has intentionally prevented the discovery of an injury caused by that defendant by concealing or misrepresenting facts about the injury, the period of limitations shall be tolled from the date of the injury until the discovery of the injury or the time when, with the exercise of reasonable diligence, it should have been discovered, whichever occurs first.

D. Notwithstanding the provisions of § 12–502, in an action on behalf of a minor injured under the age of seven, the applicable period of limitations begins to run when the minor reaches his or her seventh birthday or on death, whichever occurs earlier."

The respondent court expressly found that the exceptions set forth in subsections B, C and D, did not apply. The court, however, did find that A.R.S. § 12–564 does not provide a reasonable time within which an action for medical malpractice against a health care provider can be brought and that the statute is unconstitutional, both generally and as it applied in this case. It therefore denied the motion for summary judgment. Although we agree with the respondent court that application of the three-year limitation period to the case at bench produces a harsh result, we find no constitutional infirmity either on due process or equal protection grounds.

It is generally agreed that in the early 1970s what has been termed a medical malpractice insurance crisis existed in most jurisdictions in this country. The crisis resulted from the increasing reluctance of insurance companies to write medical malpractice insurance policies and the dramatic rise in premiums demanded by those companies which continued to issue policies. The difficulty in obtaining insurance at reasonable rates forced many health-care providers to curtail or cease to render their services.

The legislative response to this crisis sought to reduce the cost of medical malpractice insurance and to insure its continued availability to the providers of health care. A.R.S. §§ 12–561 to 12–569 were enacted in 1976 by a special session of our state legislature in an effort to curb rising medical malpractice insurance premiums. *Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977). Our supreme court upheld the constitutionality of the Medical Malpractice Act, with the exception of the cost bond requirement in *Eastin.* However, the constitutionality of A.R.S. § 12–564 was neither raised nor considered.

As pointed out in *Anderson v. Wagner,* 79 Ill.2d 295, 37 Ill.Dec. 558, 402 N.E.2d 560 (1980), few states had special limitation statutes for medical malpractice cases and generally the statutes of limitations applicable to personal injuries were followed. The Illinois Supreme Court noted that increased use of the "discovery rule," beginning in the late 1960s, dramatically complicated the question of statutes of limitation, particularly in the field of medical malpractice. In *Mayer v. Good Samaritan Hospital,* 14 Ariz.App. 248, 482 P.2d 497 (1971), division one of this court adopted the "discovery rule," i.e., the statute of limitations does not begin to run in a malpractice case until the plaintiff knew or by the exercise of reasonable diligence should have known of the defendant's conduct. The court, however, stated that if the legislature concluded that the court's analysis of the legislative intention was incorrect, or, if correct, desired to place outside limitations on malpractice actions, it was more than appropriate that the legislature should do so. (14 Ariz.App. at 252–53, 482 P.2d 497)

In 1971, A.R.S. § 12–542 was amended to provide for a maximum period of six years within which medical malpractice actions must be brought. *Landgraff v. Wagner,* 26 Ariz.App. 49, 546 P.2d 26 (1976). The amended statute provided that a cause of action shall accrue as of the date of injury and was to be commenced and prosecuted within six years after the date of injury or two years after the injured party discovers or through the use of reasonable diligence should have discovered the malpractice, whichever period first occurs.

The discovery rule was thought to have played a significant role in the medical malpractice crisis. Because it created what came to be called the "long tail" of liability, the discovery rule reduced an insurance company's ability to predict future liability. See comment, *"Claims Made" Dilemma in Professional Liability Insurance,* 22 U.C.L.A.L.Rev. 925 (1975). The *Anderson* court pointed out that the legislative response in a substantial majority of the states was to prescribe a maximum time within which a malpractice action must be commenced regardless of when the injury is discovered.[1]

In 1976, while the special session of the Arizona legislature was attempting to solve the problem of the medical malpractice insurance crisis, division one of this court upheld the constitutionality of A.R.S. § 12–542(B). *Landgraff v. Wagner,* supra. The court held that a claimant is not denied due process of law where a reasonable period of limitation was barred the claim without awareness by the claimant that he or she has been injured. A claim of denial of equal protection was rejected by the court:

> "We find that the importance to the public of good health care and the problems which arise when malpractice claims are brought against health providers after the passage of many years constitute sufficient reasons for the legislature to place them in a separate classification for this purpose." 26 Ariz.App. at 55, 546 P.2d 26.

The court also held that the term "date of injury" was the date the claimed negligent conduct first was imposed upon the patient and that the limitations period does not start from the point at which damages resulting from the "injury" appear.

1. The Illinois Supreme Court made a comparison of various statutes differing in both length of time within which suit must be filed and the types of medical personnel and entities affected by the statute. (37 Ill.Dec. at 564, 402 N.E.2d at 566).

■ We agree with petitioner that A.R.S. § 12–564 is a reasonable legislative response to the increased health care costs caused in part by the "long tail" liability resulting from unduly extended statutes of limitations. The courts in other states have upheld similar limitations statutes requiring malpractice claimants to bring suit within two or three years from the act, omission or neglect. See e.g., *Carmichael v. Silbert,* 422 N.E.2d 1330 (Ind.App.1981); *Laughlin v. Forgrave,* 432 S.W.2d 308 (Mo.1968); *Dunn v. St. Francis Hospital, Inc.,* 401 A.2d 77 (Del.1979); *Owen v. Wilson,* 260 Ark. 21, 537 S.W.2d 543 (1976); *Sellers v. Edwards,* 289 Ala. 2, 265 So.2d 438 (1972); *Hamby v. Neurological Associates,* P.C., 243 Ga. 698, 256 S.E.2d 378 (1979); *Rod v. Farrell,* 96 Wis.2d 349, 291 N.W.2d 568 (1980); *Taylor v. Karrer,* 196 Neb. 581, 244 N.W.2d 201 (1976); *Littlefield v. Hays,* 609 S.W.2d 627 (Tex.Civ.App.1980); *Harrison v. Schrader,* 569 S.W.2d 822 (Tenn.1978); *Armijo v. Tandysh,* 98 N.M. 181, 646 P.2d 1245 (App.1981).

■ The respondent court correctly recognized the presumption of constitutionality which attaches to legislative enactments. In 1976, the legislature, in an effort to solve the medical malpractice crisis, chose to abrogate the discovery rule (with one exception). Where to strike a balance between competing considerations is a matter for the legislature and not for the courts. Unfortunate as the present result may be for Mr. Dotson, the legislature may reasonably recognize that a defendant has an interest in repose and in the avoidance of stale claims, however free from fault the claimant's delay may be. As stated in *Anderson v. Wagner,* supra:

> "Although such a result—a cause of action barred before its discovery—seems harsh and unfair, the reasonableness of the statute must be judged in light of the circumstances confronting the legislature and the end which it sought to accomplish." 37 Ill.Dec. at 566, 402 N.E.2d at 568.

The three years' limitation is reasonable and therefore satisfies due process.

■ Mr. Dotson also contended that A.R.S. § 12–564 was invalid because it made the discovery rule unavailable to all medical malpractice plaintiffs except those whose actions are based upon the discovery of a foreign object in the injured person's body. He relies on *Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825 (1980), in support of his position. The New Hampshire Supreme Court held that because of the fundamental equitable considerations underlying the discovery rule, the legislature may not abolish the discovery rule with respect to any one class of medical malpractice plaintiffs. We do not agree with the rationale, such as it is, of the New Hampshire court. Two other jurisdictions differ from *Carson* and have rejected the same equal protection contention. See *Ross v. Kansas City General Hospital and Medical Center,* 608 S.W.2d 397 (Mo.1980); *Saultz v. Funk,* 64 Ohio App.2d 29, 410 N.E.2d 1275 (1979). The application of a different statute of limitations or a different date on which the statute of limitations commences to run in a particular class of actions does not violate equal protection so long as the classifications are reasonable, not discriminatory, and apply to and affect alike all persons and actions within the class. *Saultz v. Funk,* supra. We adopt the following statement in *Ross,* supra:

> "One reason why the legislature acted may have been that the legislature considered it particularly unfair that a claimant in whom a foreign object has been left should be barred by the statute of limitations even before there was any discovery of the foreign object, . . . Or the legislature might have believed it was proper to measure from the time of discovery in the foreign object cases rather than from the time of the act of neglect, because there is less likely to be as great a problem with stale evidence when a foreign object is left in the body than in the other types of malpractice cases. There are likely to be greater certainties of proof in a foreign object case. A rationale legislature could have based its decision on such considerations.

The classification thus made between two classes of claimants with reference to when the statute of limitations commences to run cannot be said to be without any reasonable basis, nor is any distinction drawn between members within each class. There is no equal protection violation. [Citations omitted]" 608 S.W.2d at 399.

Since petitioner established that Mr. Dotson's malpractice action was barred by the limitations of A.R.S. § 12–564, the respondent court erred in denying his motion for summary judgment. The respondent court is directed to enter an appropriate judgment of dismissal.

HOWARD, C.J., and BIRDSALL, J., concur.