Teresa MIGUEL, Plaintiff/Respondent,

v.

Richard C. LEHMAN, M.D., Defendant/Appellant.

No. 65988.

Missouri Court of Appeals, Eastern District, Division Three.

June 13, 1995.

Motion for Transfer to Supreme Court Denied July 24, 1995.

Joel D. Monson, Anderson & Gilbert, Clayton, for appellant.

Joseph B. McGlynn, Jr., Belleville, IL, for respondent.

CRANE, Presiding Judge.

Defendant appeals from a judgment on a jury verdict in a medical malpractice action. His sole issue on appeal is that the action was barred by the two-year statute of limitations applicable to medical malpractice claims. § 516.105 RSMo 1994. We agree and reverse.

Plaintiff, Teresa Miguel, was born on April 20, 1969. Defendant, Richard Lehman, M.D., performed surgery on her shoulder on May 15, 1989, when she was twenty years old, and last treated her on August 7, 1989. Plaintiff filed this medical malpractice action for injuries arising out of the surgery on December 23, 1991 when she was twenty-two, over two years after the surgery and her last treatment with defendant.

Section 516.105 provides that medical malpractice actions shall be brought within two years of the date of the occurrence of the complained of neglect "except that a minor under the full age of ten years shall have until his twelfth birthday to bring action...." However, the statutory limitations period of § 516.105, as applied to minors under age eighteen, has been held unconstitutional in that it violates a minor's right of access to the courts which is guaranteed by the Missouri Constitution under Article I,

§ 14. *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 11–12 (Mo. banc 1986).[1]

The rationale for the *Strahler* holding is that the statute of limitations applicable to personal injury actions has traditionally been tolled for a minor because a minor lacks the legal capacity to bring his own action and because a minor may have difficulties vindicating his own legal rights by his own initiative. *Id.* at 11. The court specifically held that "[t]he statutory limitation period [of § 516.105], as applied to minors, violates their right of access to our courts...." *Id.* at 11. The court further held:

> [t]o the extent that it deprives minor medical malpractice claimants the right to assert their own claims individually, makes them dependent on the actions of others to assert their claims, and works a forfeiture of those claims if not asserted within two years, the provisions of § 516.105 are too severe an interference with a minors' [sic] state constitutionally enumerated right of access to the courts to be justified by the state's interest in remedying a perceived medical malpractice crisis.

*Id.* at 12.

However, *Strahler* did not invalidate the remainder of § 516.105, nor can its holding be extended to persons over eighteen years of age. Section 507.115 provides that any person age eighteen or older may commence an action in his or her own name as the real party in interest. Because plaintiff could have commenced an action on her own at the time of the alleged negligent treatment, there was no impediment to her access to the courts.

Plaintiff responds that her action was tolled under § 516.170 until she reached age twenty-one. Section 516.170 RSMo 1994 provides that certain actions shall be tolled during a plaintiff's minority:

> Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or

mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

Section 516.170 specifically excludes § 516.105 from its provisions. Accordingly, the provision allowing tolling until age twenty-one in § 516.170 does not apply to actions governed by § 516.105, which, after *Strahler,* tolls the limitation period for medical malpractice actions only for minors under age eighteen.

*Crawford v. Fenton,* 701 S.W.2d 772 (Mo. App.1985), on which plaintiff relies, does not compel a different result. *Crawford* holds only that § 507.115 does not change the age of majority set out in a former version of § 516.170, which did not exclude malpractice actions. Section 516.105 did not apply to that action, nor did the current version of § 516.170.

The statute of limitations was not tolled for plaintiff because she was no longer a minor under age eighteen at the time of treatment. Plaintiff did not file this action until December 23, 1991, which was more than two years after the date of the alleged negligence. Her action is barred by § 516.105.

The judgment of the trial court is reversed.

CRANDALL and DOWD, JJ., concur.

---

1. "In Missouri a minor, or infant, in connection with the commencement of a civil action, is defined as any person who has not attained the age of eighteen years." *Strahler,* 706 S.W.2d at 8 n. 2; § 507.115 RSMo 1994.