**Masoumah Nina BATEK, f/k/a Masoumah Nina Gastilly, Appellant,**

v.

**The CURATORS OF the UNIVERSITY OF MISSOURI, et al., Respondents.**

No. 78369.

Supreme Court of Missouri, En Banc.

April 23, 1996.

Rehearing Denied May 28, 1996.

Danieal H. Miller, Daniel R. Dunham, Columbia, for Appellant.

Colly J. Durley, Julie E. Figg, Raymond C. Lewis, Jr., Columbia, for Respondents.

COVINGTON, Judge.

Masoumah Nina Batek appeals from a judgment sustaining motions to dismiss by the Curators of the University of Missouri, five individually named defendants, and John Doe(s) and Jane Doe(s). Appellant challenges the validity of sections 516.105 and 516.170, RSMo 1994. Affirmed.

Ms. Batek filed her petition alleging medical malpractice against the respondents on June 14, 1995. She prayed for damages based on conduct, occurrences, and transactions that she alleged occurred during her hospitalization at University Hospital and Clinics from February 15, 1993, until March 9, 1993. She alleged that the negligence occurred on February 28, 1993. Respondents filed various motions to dismiss alleging, among other things, that Ms. Batek's petition was barred by the statute of limitations since, based upon Ms. Batek's own averments, she was over the age of twenty years when the alleged malpractice occurred and had failed to bring her suit within the two-year statute of limitations found in section 516.105, RSMo 1994.

On July 21, 1995, appellant filed her first amended petition in which she added averments of fraudulent concealment and constitutional infirmities. After hearing oral argument on respondents' motions as they responded to appellant's first amended petition, the trial court sustained respondents' motions to dismiss. This appeal followed.

The trial court did not specify the grounds for its ruling sustaining respondents' motions to dismiss. Ms. Batek's brief properly challenges on appeal all bases raised by the respondents' motions to dismiss. Two issues, however, are dispositive.

The first issue as framed by Ms. Batek is whether the two-year statute of limitations in section 516.105, which applies exclusively to medical malpractice actions, was tolled until she became twenty-one years of age, under the general tolling provision of section 516.170. This Court holds that it was not.

Section 516.105 bars all actions alleging the "malpractice, negligence, error or mistake" of health care providers and their employees not brought within two years "from the date of occurrence of the act of neglect complained of." Ms. Batek commenced this action more than three months after the limitations period had expired. She contends, however, that the statute was tolled until her twenty-first birthday under section 516.170, RSMo 1994, which provides that certain actions are tolled during a plaintiff's minority:

*Except as provided in section 516.105,* if any person entitled to bring an action in

sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

(Emphasis added.)

■ By the express terms of the statute, the tolling provision of section 516.170 does not apply to malpractice actions brought pursuant to section 516.105. Ms. Batek's claim that her action was tolled until her twenty-first birthday is without merit. In Missouri, an individual who has attained the age of eighteen years, and who is not otherwise disqualified, may maintain a civil action in his or her own name as a real party in interest. § 507.115, RSMo 1994. Because respondents' allegedly negligent acts occurred after Ms. Batek's twentieth birthday, at which time she was not incapacitated by any other legal disability, the limitations period began to run against her immediately. § 516.105. Her action was barred by section 516.105 as of February 28, 1995.

The Missouri Court of Appeals, Eastern District, last year faced an argument identical to Ms. Batek's. In *Miguel v. Lehman*, 902 S.W.2d 327, 328 (Mo.App.1995), the plaintiff asserted that her malpractice action, which accrued when she was twenty years old, was tolled by section 516.170 until she reached the age of twenty-one. The court held that because section 516.170 specifically excludes section 516.105 from its scope, plaintiff's action, brought more than two years after the date of the act of neglect complained of, was not tolled. *Id.* "The statute of limitations was not tolled for plaintiff because she was no longer a minor under age eighteen at the time of treatment." *Id.* Instead, the statute of limitations commenced to run at the time the action accrued. Under section 516.115 plaintiff was entitled to commence an action on her own at any time prior to the expiration of two years after the alleged negligent treatment occurred. *Id.* To the extent that *Miguel* holds that malpractice actions brought by individuals over eighteen years of age are not tolled by the provisions

of section 516.170, this Court concurs with its reasoning.

Ms. Batek raises constitutional challenges, both of which apply directly to the express exemption of medical malpractice actions from the tolling provision of section 516.170. First, she argues that to except only medical malpractice actions from the tolling protection of section 516.170 is an "irrational and unreasonable" exercise of legislative power denying her equal protection of the laws as required by the Fourteenth Amendment of the United States Constitution and article I, section 2 of the Missouri Constitution. Second, she contends that the exception of all medical malpractice claims contained in section 516.170 is not reasonably related to a legitimate legislative purpose and is therefore violative of article III, section 40(6) of the Missouri Constitution which prohibits the passage of special laws pertaining to the limitation of civil actions.

■ In evaluating an equal protection claim, this Court must first determine whether the challenged legislative classification burdens a "suspect class" or a "fundamental right." *Adams v. Children's Mercy Hosp.*, 832 S.W.2d 898, 903 (Mo. banc 1992), *cert. denied*, 506 U.S. 991, 113 S.Ct. 511, 121 L.Ed.2d 446 (1992). The statute does not impinge upon Ms. Batek's fundamental rights, a classification that includes only basic liberties explicitly or implicitly guaranteed by the United States Constitution. *Mahoney v. Doerhoff Surgical Servs.*, 807 S.W.2d 503, 512 (Mo. banc 1991) (citing *San Antonio Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33–34, 93 S.Ct. 1278, 1296–97, 36 L.Ed.2d 16 (1972)). Further, this Court has previously and repeatedly rejected the argument that victims of medical malpractice are members of a suspect class. *See Adams*, 832 S.W.2d at 903.

■ When a challenged statutory provision does not infringe on a fundamental right or create suspect classifications, it will be upheld if rationally related to a legitimate state interest. *Mahoney*, 807 S.W.2d at 512. "A statutory classification will be upheld if 'any state of facts reasonably may be conceived to justify it.'" *Adams*, 832 S.W.2d at

903 (quoting *Mahoney*, 807 S.W.2d at 512.) A rational legislature could have based its decision to classify malpractice plaintiffs separately on the basis of any number of considerations. The classification may have been designed to limit the burdens and disruptions that malpractice litigation imposes on the delivery of accessible health care; it may have been implemented to reduce uncertainty and expense toward the goal of preserving affordable health care for the greatest number of individuals; or, it may have been an attempted response to stem the tide of a perceived crisis brought about by a flood of allegedly frivolous medical malpractice claims. "It is not the Court's province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination." *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 829 (Mo. banc 1991) (quoting *Winston v. Reorganized Sch. Dist. R–2, Lawrence County*, 636 S.W.2d 324, 327 (Mo. banc 1982)). The classification in section 516.170 distinguishing malpractice claimants from other claimants with reference to the commencement of the running of the statute of limitations is not without any reasonable basis. *See Ross v. Kansas City Gen. Hosp. & Medical Ctr.*, 608 S.W.2d 397, 399 (Mo. banc 1980). The provisions of section 516.170 do not violate equal protection.[1]

Neither is the statute violative of the prohibition against special laws enacted for the limitation of civil actions. Mo. Const. art III, § 40(6). A "special law" is a law that "includes less than all who are similarly situated ... but a law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis." *Blaske*, 821 S.W.2d at 831 (quoting *Ross*, 608 S.W.2d at 400). "[T]he test of a special law is the appropriateness of its provisions to the objects that it excludes. It is not, therefore, what a law includes, that makes it special but what it excludes." *ABC Liquidators, Inc. v. Kansas City*, 322 S.W.2d 876, 885 (Mo. banc 1959).

Contrary to Ms. Batek's assertion, section 516.170 does not impermissibly exclude or separately classify any member of a given group. It excludes from its scope all plaintiffs who assert actions against health providers pursuant to section 516.105. It applies equally to all whose claims are based upon section 516.105. There are valid reasons for the general assembly to have provided for a different time for the commencement of the limitations period for plaintiffs in medical malpractice cases. Section 516.170 does not violate subsection 6 of article III, section 40 of the Missouri Constitution.[2]

1. Ms. Batek further alleges that section 516.170, read with section 516.105 and this Court's holding in *Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7, 11–12 (Mo. banc 1986), unconstitutionally creates three classifications of medical malpractice plaintiffs. In *Strahler*, 706 S.W.2d at 11, this Court held that the exception contained in section 516.105 granting minors under the age of ten years until their twelfth birthday to bring an action against their health provider violates a minor plaintiff's right of access to Missouri's courts. Mo. Const. art. I, § 14. Ms. Batek argues that, by implication, *Strahler* voided the introductory exception to section 516.170 in its entirety. If section 516.105 is unconstitutional as applied to individuals who are minors when their actions accrue, Ms. Batek contends, it must also be unconstitutional as to all individuals who are between the ages of eighteen and twenty-one when their actions accrue. The tolling provision of section 516.170, she argues, must apply equally to all plaintiffs under twenty-one years of age who bring actions under sections 516.100 to 516.370, not just to individuals whose causes of action accrue before the age of eighteen years.

Because the plaintiff in *Strahler* was a minor when the alleged act of neglect occurred, and because this Court did not address the interaction between sections 516.170 and 516.105, *Strahler* has no direct applicability to the instant case. *Strahler* voided the statutory limitation period of section 516.105 only as it *"applied to minors."* *Strahler*, 706 S.W.2d at 11 (emphasis added). Ms. Batek was not a minor when her action accrued; she had a right to commence the action on her own under section 507.115. *See Miguel*, 902 S.W.2d at 328. This Court need not address the impact of the *Strahler* decision on the introductory language of section 516.170, which plainly exempts medical malpractice actions from that statute's tolling provision.

2. Ms. Batek again cites *Strahler*, this time to argue that the effect of the exception of medical malpractice actions from the tolling provisions of section 516.170 is to treat section 516.105 plaintiffs who are under eighteen when their action accrues differently from those who are between the ages of eighteen and twenty-one. She argues that the statute "includes less than all who are similarly situated," *Ross*, 608 S.W.2d at 400, and

The second issue is whether Ms. Batek's first amended petition states a claim for fraudulent concealment. Fraudulent concealment by a health care provider of facts that give rise to an action in malpractice may constitute an "improper act" sufficient to toll, under section 516.280, RSMo 1994, any applicable statute of limitations. *Smile v. Lawson*, 435 S.W.2d 325, 327 (Mo. banc 1968).

In order to demonstrate fraudulent concealment under section 516.280, a plaintiff must show:

(1) In treating the plaintiff, the defendant did or failed to do something that caused the injury;

(2) The defendant's conduct failed to meet the required standards of professional competence and was therefore negligent;

(3) The defendant had actual knowledge that he or she caused the injury;

(4) With that knowledge the defendant intended by post-injury conduct and statements to conceal from the patient the existence of a claim for malpractice;

(5) The defendant's acts were fraudulent; and

(6) The patient was not guilty of a lack of diligence in sooner ascertaining the truth.

*See Wilson v. Jackson*, 823 S.W.2d 512, 514 (Mo.App.1992) (citing *Swope v. Printz*, 468 S.W.2d 34, 38–39 (Mo.1971)). Allegations of fraud must be pled with particularity. Rule 55.15.

The essence of a fraudulent concealment action is that a defendant, by his or her post-negligence conduct, affirmatively intends to conceal from plaintiff the fact that the plaintiff has a claim against the defendant. *See Lawson*, 435 S.W.2d at 327–28 (stating general rule that defendant's conduct must fraudulently conceal by false misrepresentations the "existence of a cause of action" thereby postponing the running of the statute of limitations until the "plaintiff discovers, or by exercise of reasonable diligence could have discovered, that he has a cause of action").

In order to avoid the running of the statute, it may be shown that some trick or artifice was used to prohibit the defrauded party from inquiring or making investigation regarding the fraud, or it must be shown that the defrauded party was prevented from inquiring about the particular acts of concealment. *As it is necessary to prove these facts, it is necessary to plead them.*

*Womack v. Callaway County*, 159 S.W.2d 630, 632 (Mo.1942) (quoting *Brown v. Irving–Pitt Mfg. Co.*, 316 Mo. 1023, 1028, 292 S.W. 1023, 1025 (Mo.1927)); *see also Hasenyager v. Board of Police Comm'rs of Kansas City*, 606 S.W.2d 468, 471 (Mo.App.1980) (quoting 51 Am.Jur.2d, *Limitation of Actions* § 148 (1970)) ("There can be no concealment which will prevent the running of the statute of limitations *where the cause of action is known to the plaintiff* or there is a presumption of such knowledge.") (emphasis in original).

By even the most liberal construction of her pleading, Ms. Batek has failed to allege sufficient facts entitling her to adduce proof in an action for fraudulent concealment. Only through broadly worded allegations does she allege that all of the respondents in some manner—through their "representations and silence"—fraudulently concealed their negligence; she fails to set out with particularity the conduct that constituted fraudulent concealment or even the individuals responsible for the alleged representations or silence. See Rule 55.15. She fails to plead when she discovered the alleged fraud. In fact, she concedes in her pleading that her "actual discovery of the actual or constructive fraudulent concealment" is yet to occur. She does not aver that she exercised due diligence or why due diligence did not lead or could not have lead to discovery of facts and the cause of action. Ms. Batek's extensive pleading contains no averments of conduct by respondents subsequent to their alleged negligence that precluded earlier discovery of her claim.

is invalid as a special law. As set forth above, the holding of *Strahler* has no application in the present action.

Ms. Batek does not allege facts sufficient to support the submission of proof on her claim of fraudulent concealment; therefore, the statute of limitations in section 516.105 is not tolled.

The judgment of the trial court is affirmed.

All concur.