**Matthew GLEITZ, Plaintiff/Appellant,**

v.

**ST. JOHN'S MERCY MEDICAL CENTER, et al., Defendants/Respondents.**

No. 69274.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied
Sept. 17, 1996.

James J. Logan, Timothy A. Engeimeyer, McMichael & Logan, Chesterfield, for Appellant.

Gary P. Paul, James C. Thoele, Brinker, Doyen & Kovacs, P.C., Clayton, for Respondents.

Philip C. Denton, St. Louis, for amicus curiae, Missouri Association of Trial Attorneys.

Gregory T. Mueller, Robyn G. Fox, Moser and Marsalek, P.C., St. Louis, for amicus curiae, Missouri Organization of Defense Lawyers.

GERALD M. SMITH, Presiding Judge.

Plaintiff appeals from a Summary Judgment against him in a medical malpractice action. We affirm.

Plaintiff Matthew Gleitz, was treated at St. John's Mercy Medical Center ("Hospital") by Dr. Nancy Neiman ("Doctor") on August 19, 1986. At that time Gleitz was 13. On March 23, 1995, Gleitz filed suit in the Circuit Court of St. Louis County alleging medical malpractice against the Hospital and Doctor. At that time Gleitz was 22.

The court sustained the defendants' Motion For Summary Judgment on the basis that plaintiff's malpractice action was barred by the statute of limitations, RSMo § 516.105.

The trial court sustained defendants' Motion For Summary Judgment based on *Miguel v. Lehman,* 902 S.W.2d 327 (Mo.App. 1995). Plaintiff contends that *Miguel* was wrongly decided.

 The granting of summary judgment is purely a question of law, which this court will review *de novo. Peltzman v. Beachner,* 900 S.W.2d 677 (Mo.App.1995)[2–4]. This court must review the facts in the light most favorable to the non-moving party. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371 (Mo. banc 1993)[1–3].

 In essence, plaintiff asks us to revisit the same issue we discussed in *Miguel.* He asserts that his action was tolled under

§ 516.170 until he reached the age of twenty-one. Pursuant to § 516.170 the statute of limitations for certain actions shall be tolled during a plaintiff's minority:

> Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

§ 516.170 RSMo 1994.

In *Miguel*, we found that "[s]ection 516.170 specifically excludes § 516.105 from its provisions. Accordingly, the provision allowing tolling until age twenty-one in § 516.170 does not apply to actions governed by § 516.105, which ... tolls the limitation period for medical malpractice actions only for minors under age eighteen." *Miguel, supra* at [2].

■ A recent decision of our Supreme Court, *Batek v. The Curators of the University of Missouri*, 920 S.W.2d 895 (Mo.banc 1996), held that "[b]y the express terms of the statute, the tolling provision of section 516.170 does not apply to malpractice actions brought pursuant to section 516.105." The Court concurred with the reasoning of *Miguel*. We are bound to follow the last controlling opinion of the Supreme Court of Missouri.

Plaintiff attempts to distinguish his situation from *Miguel*. He claims that because the plaintiff in *Miguel* was twenty years old and over the age of majority when the alleged malpractice took place, she no longer needed the protections afforded minors. He contends that persons who have been injured by malpractice before their eighteenth birthday should have the statute of limitations tolled until their twenty-first birthday; but persons injured thereafter should only have two years to bring suit. That is not the law. The statute of limitations is tolled, until the age of eighteen, for those with the disability of minority[1] who are injured through medical malpractice. *Batek, supra; Miguel, supra.*

In this case, plaintiff brought his action more than two years after his eighteenth birthday. His action is barred.

Plaintiff contends that the trial court's ruling granting summary judgment offends the United States and Missouri Constitutions, specifically due process, equal protection and the right to access the courts.

■ The constitutional questions have not been preserved for review. In order for the issue of constitutional validity to be preserved it must be raised at the first opportunity. *Magee v. Blue Ridge Professional Building, Co., Inc.*, 821 S.W.2d 839 (Mo.banc 1991)[7]. Additionally, the trial court must have ruled on the constitutional question. *Estate of McCluney*, 871 S.W.2d 657 (Mo. App.1994)[3].

■ In this case we find no presentation of constitutional questions in the record. Neither plaintiff's pleadings nor his Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment raise a constitutional challenge. The trial court did not rule on the issue. Having failed to present the constitutional question before the trial court, plaintiff may not raise the issue on appeal.

Judgment affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.

---

1. In Missouri a minor, or infant, in connection with the commencement of a civil action, is defined as any person who has not attained the age of eighteen years. § 507.115 RSMo 1994.