Sean HODGES, Appellant,

v.

**SOUTHEAST MISSOURI HOSPITAL ASSOCIATION and Robert Velander, M.D., Respondents.**

No. WD 53214.

Missouri Court of Appeals, Western District.

Jan. 6, 1998.

As Modified March 3, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1998.

Application to Transfer Denied April 21, 1998.

Daniel R. Dunham, Columbia, for appellant.

James A. Cochrane, III, Bradshaw, Steele, Cochrane & Bergens, Cape Girardeau, for respondents.

Before LAURA DENVIR STITH, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

Sean Hodges appeals from the trial court's order dismissing his medical malpractice action against Southeast Missouri Hospital Association and Dr. Robert Velander. The trial court dismissed Mr. Hodges' petition because it believed that his claim was barred by § 516.105, RSMo 1994,[1] the statute of limitations for medical malpractice claims. Mr. Hodges contends that this was error because § 516.105 does not apply to his medical malpractice action since his claim accrued when he was under the age of eighteen. In the alternative, Mr. Hodges contends that even if § 516.105 applies to his action, § 516.170 tolled the statute of limitations until he was twenty-one, so his petition is not time barred.

Section 516.105 is constitutionally infirm as applied to an individual whose medical malpractice cause of action accrued before the age of eighteen. This constitutional infirmity ends when the minor turns eighteen and has the ability to file suit on his own behalf. Thus, at age eighteen, the two-year period for the statute of limitations for medical malpractice in § 516.105 begins to run. Because Mr. Hodges filed his cause of action more than two years after his eighteenth birthday, § 516.105 bars his claim. The judgment dismissing his petition is affirmed.

**Factual and Procedural Background**

Mr. Hodges was born on September 30, 1974. On July 10, 1987, when he was twelve years old, Mr. Hodges' left leg was injured when he was involved in an accident which trapped his leg between a bicycle and an automobile. After this accident, Mr. Hodges was treated by Dr. Velander in the emergency room of Southeast Missouri Hospital in Cape Girardeau. Dr. Velander took x-rays of Mr. Hodges' left leg but did not x-ray his left femoral head or hip. As a result, Dr. Velander did not detect serious damage in that area of Mr. Hodges' left leg. Because of this alleged negligence, Mr. Hodges incurred significant permanent damage and will likely require an entire left hip replacement.

Mr. Hodges filed a medical malpractice action against the hospital and Dr. Velander on November 8, 1995 in the Circuit Court of Cape Girardeau County. Mr. Hodges voluntarily dismissed this petition and refiled his action in the Circuit Court of Jackson County on April 22, 1996. He was twenty-one years old when the action was refiled. Subsequently, the hospital and Dr. Velander filed a motion to dismiss Mr. Hodges' petition for failure to state a claim upon which relief could be granted. In their motion, the hospital and Dr. Velander contended that Mr. Hodges' medical malpractice action was barred by the time limitation provisions of § 516.105 because he did not file his petition within two years of his eighteenth birthday, when his legal disability of minority ended. The trial court agreed and granted the motion to dismiss. Mr. Hodges filed a timely appeal in this court.

**Standard of Review**

On appellate review of the trial court's dismissal of a petition, "the pleading is granted its broadest intendment, all facts alleged are treated as true, and it is construed favorably to the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief." *Farm Bureau Town & Country Ins. v. Angoff,* 909 S.W.2d 348, 351 (Mo. banc 1995). A motion to dismiss is properly sustained and will be affirmed on appeal if it clearly appears from the petition that the cause of action is barred by the applicable statute of limitations. *Braswell v. Chehval,* 935 S.W.2d 53, 54 (Mo.App.1996).

**Legal Analysis**

As his first point on appeal, Mr. Hodges contends that the trial court erred by dismissing his petition because § 516.105 does not govern his medical malpractice action. Mr. Hodges premises his argument on the Missouri Supreme Court's decision in *Strahler v. St. Luke's Hospital,* 706 S.W.2d 7 (Mo. banc 1986). He notes that the *Strahler* court held § 516.105 unconstitutional as applied to

1. All statutory references are to the Revised Statutes of Missouri 1994, unless otherwise indicated.

persons who are under the age of eighteen when their causes of action for medical malpractice accrued. Since Mr. Hodges was a minor at the time of his injury, he claims that the *Strahler* decision renders § 516.105 inapplicable to him.

Mr. Hodges' cause of action for medical malpractice against his health care providers accrued in July of 1987, when he was twelve years old. Generally, a two-year statute of limitations governs actions against health care providers. Section 516.105. The statute provides an exception to the two-year period allowing minors under ten until their twelfth birthday to file malpractice actions. Specifically, § 516.105 reads:

> All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that a minor under the full age of ten years shall have until his twelfth birthday to bring action, and except that in cases in which the act of neglect complained of is [2] introducing and negligently permitting any foreign object to remain within the body of a living person, the action shall be brought within two years from the date of the discovery of such alleged negligence, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligence, whichever date first occurs, but in no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of.

The Missouri Supreme Court struck down the application of § 516.105 to minors in *Strahler*, 706 S.W.2d at 12. In *Strahler*, the plaintiff was fifteen years old when she suffered the complete amputation of her right leg above the knee due to the defendant doctor's negligence. *Id.* at 8. The plaintiff brought a medical malpractice action against the doctor and hospital when she was nineteen years old. *Id.* The trial court sustained the defendants' motion to dismiss the plaintiff's claim because it was not brought within the two-year statute of limitations found in § 516.105. *Id.*

On appeal, the plaintiff argued that the trial court erred in its dismissal because the application of § 516.105 to minors unconstitutionally violated minors' right of access to our courts under Mo. Const. art. I, § 14. *Id.* at 8–9. The plaintiff averred that § 516.105 effectively extinguished "her common law right and practical opportunity to seek legal redress for injuries sustained through defendant's alleged negligent medical treatment." *Id.* at 9. In response, the defendants argued that § 516.105 did not contravene the open courts provision of the Missouri Constitution because the plaintiff could have had a next friend initiate her lawsuit within the applicable time period. *Id.*

The Missouri Supreme Court agreed with the plaintiff and found that § 516.105 violated a minor's right of access to our courts as guaranteed by the Missouri Constitution. The Supreme Court reasoned that the statute of limitations applicable to tort actions has traditionally been statutorily tolled for minors because they do not have the legal capacity to bring a personal injury action and are disadvantaged by their youth in attempting to pursue their legal rights. *Strahler*, 706 S.W.2d at 11. Although it recognized that the legislature was attempting to deal with a perceived medical malpractice crisis when it passed § 516.105, the court felt that, for minors, "the cure selected by the legisla-

---

**2.** As Judge Crow noted in *Crawford v. Fenton*, 701 S.W.2d 772, 774 n. 2 (1985):

> This word ("is") appears as "its" instead of "is" in the version of § 516.105 appearing in RSMo Supp.1976. The version quoted above in this opinion, in which the word appears as "is," is the version in Bill 470, Laws 1976, p.

767. Obviously, the version in RSMo. Supp. 1976 is a misprint. The error in RSMo Supp. 1976 was carried forward, uncorrected, in RSMo 1978.

The error continues to be carried forward in RSMo 1994, the current version of the statute.

ture would prove no less pernicious than the disease it was intended to remedy." *Id.*

Essentially, the court found that minors' right of access to the courts was greater than society's need to battle the escalating economic and social costs connected with medical malpractice litigation. *Id.* And, the court was unwilling to force minors to depend on third parties to vindicate their legal rights. *Id.* at 11–12. Based upon this reasoning, the court held:

> To the extent that it deprives minor medical malpractice claimants the right to assert their own claims individually, makes them dependent on the actions of others to assert their claims, and works a forfeiture of those claims if not asserted within two years, the provisions of § 516.105 are too severe an interference with a minors' [sic] state constitutionally enumerated right of access to the courts to be justified by the state's interest in remedying a perceived medical malpractice crisis.

*Id.* at 12. Therefore, the Supreme Court invalidated § 516.105 on constitutional grounds. The Supreme Court's ruling in *Strahler* did not invalidate the whole of § 516.105, however, but merely found that it was invalid "as applied to minors." *Id.* at 11–12. *See also Miguel v. Lehman,* 902 S.W.2d 327, 328 (Mo.App.1995). In other words, the unconstitutionality of the statute was limited to its application to minors, so the statute was potentially still applicable to non-minors.

The severability of the invalid application of § 516.105 from the remaining applications of the statute's provisions was recently confirmed by the Supreme Court in *Batek v. Curators of University of Missouri,* 920 S.W.2d 895 (Mo. banc 1996). There, the plaintiff was twenty when the alleged malpractice occurred and she did not file her suit within the two-year statute of limitations of § 516.105. The court held that her claim was time barred by § 516.105 and noted that *Strahler* "voided the statutory limitation period of § 516.105 only as it 'applied to minors.' " *Id.* at 899 n. 1. Since the plaintiff was twenty at the time her cause of action accrued, she was not a minor and, under § 507.115, could have commenced an action

on her own. *Id.* at 898. The statute of limitations in § 516.105 began to run against her immediately. *Id.* The court recognized that § 516.105 acted as a bar to the adult plaintiff's cause of action, even after *Strahler*'s partial invalidation of the statute. *Id.* Therefore, § 516.105 was found to be severable.

▪ In this case, Mr. Hodges was a minor when his cause of action accrued. He did not file suit for medical malpractice until he was twenty-one years of age, more than two years after he turned eighteen and was no longer a minor. The trial court sustained the motion to dismiss on the ground that Mr. Hodges' action was barred by the two-year medical malpractice statute of limitations in § 516.105. In order to determine whether the trial court correctly dismissed Mr. Hodges' petition, this court must examine the *Strahler* court's invalidation of § 516.105 and determine its effect on Mr. Hodges' claim. Essentially, this court must decide whether § 516.105, post-*Strahler,* has any application to an individual who was a minor when his medical malpractice claim accrued.

The Eastern District of this court recently resolved this issue in two cases with factual situations nearly identical to this case. In *Gleitz v. St. John's Mercy Medical Center,* 927 S.W.2d 506 (Mo.App.1996), the plaintiff appealed from a summary judgment entered against him in his medical malpractice action. The trial court held that the plaintiff's petition was barred by the two-year statute of limitations in § 516.105. *Id.* at 507. The plaintiff in *Gleitz* was thirteen years old at the time of his injury but he waited until he was twenty-two years old to file his medical malpractice action. *Id.* Because the *Gleitz* court found that *Strahler* tolled the time limitation provisions of § 516.105 until the age of eighteen for plaintiffs who were minors at the time of the medical malpractice injury, the court affirmed the trial court's entry of summary judgment. *Id.* at 508.

In *Braswell,* 935 S.W.2d at 53, the plaintiff was fifteen years old at the time of his medical malpractice injury but waited until he was twenty years and six months old to initiate his suit. *Id.* at 53–54. The *Braswell* court expressed its belief that under *Strah-*

*ler,* "a minor's cause of action must be tolled until she reaches the age of majority at which time she can bring the action on her own behalf." *Id.* at 54. Therefore, because the plaintiff did not bring his cause of action within two years after he turned eighteen, the court of appeals found that the action was barred by limitations. *Id.*

Although this court notes that these decisions are on facts virtually identical to those here, their interpretation of the *Strahler* ruling is suspect. Nowhere in *Strahler* does the Supreme Court hold that the statute of limitations provisions of § 516.105 are *tolled* until the minor reaches the age of eighteen. The *Strahler* court found the statute unconstitutional as applied to minors, and held that a claim filed by a nineteen-year-old plaintiff who was thirteen when the claim accrued was not barred by § 516.105. It did not address the appropriate period of limitations applicable to a plaintiff who was a minor when the plaintiff's medical malpractice cause of action accrued. Although we note the misstatement of *Strahler*'s ruling, our own analysis convinces us that the results of *Braswell* and *Gleitz* are correct.

The *Strahler* court invalidated § 516.105 "as applied to minors." 706 S.W.2d at 11–12. In *Batek,* the Court found that the invalid application of § 516.105 did not render the remaining applications of the statute invalid as well. 920 S.W.2d at 898. The Court, in effect, found that the invalid application of the act was severable from the other applications of the statute.

■ Legislative intent governs whether a statute is severable. *State ex rel. Transport Manufacturing & Equipment Co. v. Bates,* 359 Mo. 1002, 224 S.W.2d 996, 1001 (1949). A statute can be severed if it can be determined that the legislature would have wished the statute to be enforced with the invalid part excised. *Simpson v. Kilcher,* 749 S.W.2d 386, 393 (Mo. banc 1988). Severability is also appropriate when the invalid portion is a nonessential provision, it was not the inducement for the passage of the act or when the general object of the act can be achieved without the invalid part. *See State ex rel. Highway Commission v. Curtis,* 365

Mo. 447, 283 S.W.2d 458, 464 (1955) and *Bates,* 224 S.W.2d at 1001.

■ The Missouri Supreme Court has recognized three situations in which the doctrine of severability applies. *Associated Industries v. Director of Revenue,* 918 S.W.2d 780, 784 (Mo. banc 1996). They are: "1) where part, but not all, of an act is invalid as to all applications; 2) where 'the entire act is invalid to part, but not all, possible applications'; and 3) where part, but not all, of the act is invalid to part, but not all, possible applications." *Id.* (quoting Norman J. Singer, Sutherland Statutory Construction § 44.02 at 493–94 (5th ed.1993)). The second situation describes the holding of *Batek.* The effect of the Supreme Court applying § 516.105 to persons over eighteen when their malpractice causes of action accrued was that all of § 516.105 was invalid as to part, but not all, of its applications; other applications of § 516.105 were valid. *See Batek,* 920 S.W.2d at 898.

■ A statute that is "only invalid as applied in the facts of a particular case is possibly capable of valid application in another fact situation." Sutherland, supra § 2.06 at 33. Therefore, the Supreme Court's declaration in *Strahler* that § 516.105 is unconstitutional as applied to minors does not preclude the application of § 516.105 in other circumstances. As demonstrated by *Batek,* whether or not § 516.105 can be applied constitutionally depends on the circumstances of each case. Therefore, inquiry in this case must focus on the terms of the statute in question in light of the circumstances surrounding Mr. Hodges' claim.

The plain and simple language of § 516.105 clearly states the legislature's intent that there be a two-year statute of limitations for medical malpractice claims. The only language of the statute concerning plaintiffs who were minors at the time their medical malpractice actions accrued was the provision that "a minor under the full age of ten years shall have until his twelfth birthday to bring action." There is no language in the statute, however, to indicate that the legislature intended to treat minor plaintiffs, who were older than ten years when their causes of action accrued, differently from other plain-

tiffs. As a result, the terms of the statute would have governed Mr. Hodges' claim, but for the rule of *Strahler*.

The rationale for the *Strahler* court's finding that § 516.105 is unconstitutional as applied to minors is the fact that minors are unable to institute a civil lawsuit in their own names. 706 S.W.2d at 12. *Strahler* found that to apply the statute of limitations in § 516.105 to minors "deprives minor medical malpractice claimants the right to assert their own claims individually, makes them dependent on the actions of others to assert their claims, and works a forfeiture of those claims if not asserted within two years...." 706 S.W.2d at 12.

The constitutional concerns articulated by *Strahler* are not invoked by applying § 516.105 to the particular circumstances of this case. Mr. Hodges was a minor, aged twelve, when his claim accrued. At that time he was unable to assert his claim individually, and thus was clearly among the class of persons the *Strahler* court intended to protect. However, when Mr. Hodges turned eighteen, he was no longer a minor. Under § 507.115, he was empowered to pursue his legal rights in his own name without the assistance of a third party.[3] *See Batek*, 920 S.W.2d at 898. The *Strahler* court's concerns regarding the statute's interference with a minor's "state constitutionally enumerated right of access to the courts" no longer applied to Mr. Hodges when he turned eighteen. At that time, Mr. Hodges was not operating under the legal disability of minority, and did not need the protection *Strahler* provided minors by invalidating § 516.105 as it applies to them. Mr. Hodges waited until he was twenty-one years old to file suit. When he filed, he had the ability to initiate suit against his health care providers for a period in excess of the two-year statute of limitations.

■ "When challenging the constitutionality of a statute, it is incumbent upon the challenger to show that in its operation the statute is unconstitutional to him in his situation." SUTHERLAND, *supra* § 45.11 at 19 (5th

ed. Supp.1997). Mr. Hodges has not shown how the operation of § 516.105 was unconstitutional to him after he turned eighteen. Under the particular facts of this case, *Strahler*'s judicial invalidation of part, but not all, possible applications of § 516.105 does not prevent the application of § 516.105 to Mr. Hodges' claim. The two-year statute of limitation in § 516.105 began to run when Mr. Hodges turned eighteen. The provisions of § 516.105 would bar his claim.

■ In his second point, Mr. Hodges argues that even if § 516.105 applies to his medical malpractice cause of action, § 516.170 tolls its operation and grants him until the age of twenty-one before the two-year statute of limitations in § 516.105 begins running. Unfortunately for Mr. Hodges, his reliance on § 516.170 is misplaced because his claim is against his health care providers. Again, § 516.105 governs claims against physicians, hospitals and other health care providers. Claims against health care providers are exempted from the tolling provisions of § 516.170:

*Except as provided in section 516.105,* if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time of the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, such persons shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

(emphasis added).

The plain language of this statute clearly indicates that malpractice claims under § 516.105 are exempted from the tolling provision of § 516.170. *Batek*, 920 S.W.2d at 898. This court has already determined that Mr. Hodges' claim is governed by § 516.105. Therefore, § 516.170 has no application to Mr. Hodges' medical malpractice action.

At the time of his eighteenth birthday, on September 30, 1992, the statute of limitations began running, giving Mr. Hodges until September 30, 1994 in which to file his medical

---

3. Under § 507.115, "[a]ll persons of the age of eighteen years or older, not otherwise disqualified, may commence, prosecute, or defend any

action in his own name as the real party in interest."

malpractice action under the two-year statute of limitations for medical malpractice actions in § 516.105. Mr. Hodges filed the instant lawsuit on November 8, 1995, over a year after the two year time period expired. Because Mr. Hodges failed to file his claim within the two years allowed by § 516.105, his claim is time barred.

The judgment of the trial court dismissing Mr. Hodges' cause of action is affirmed.

All concur.