**UNITED COMPANIES LENDING CORPORATION, Plaintiff/Appellant,**

v.

**TRIUMPH PROPERTIES, L.L.C., Defendant/Respondent.**

No. 74022.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 19, 1999.

Application for Transfer Denied Feb. 23, 1999.

Conny Davinroy Beatty, Roger A. Keller, Jr., St. Louis, for appellant.

Carl J. Lumley, Paul E. Martin, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Plaintiff, United Companies Lending Corporation, appeals from the grant of summary judgment in favor of defendant, Triumph Properties, L.L.C., in an action to void a collector's deed for property purchased at a tax sale. We affirm.

Helen Stokes was the record owner of property located at 2347 Farflung Drive in St. Louis County (hereinafter property). She failed to pay real estate taxes for 1989 and 1990. In August 1992, Bernard Feinstein, d/b/a Makada Investment Co., Inc., purchased a tax certificate to the property at a tax sale. About ten months after the tax sale, Stokes borrowed money from plaintiff, securing the loan with a deed of trust on the property. Plaintiff's search of the tax statements of the Collector of Revenue of St. Louis County (hereinafter Collector) did not reveal the tax delinquency or sale, although a search of the Collector's official records would have yielded that information.

In June 1993, plaintiff recorded its deed of trust on the property. Thereafter, it as-

signed "all of its rights, title and interest" in the deed to Bankers Trust Company of California, N.A. (hereinafter Bankers), effective August 1993. Bankers recorded the assignment in October 1994. Plaintiff, however, continued to pay not only the real estate taxes for 1993 and 1994 but also the insurance premiums on the property.

In April 1995, Karen Schwartz, acting as the personal representative of the estate of Feinstein who had died in the interim, sent notices under Section 140.405, RSMo (1994) to Stokes and Bankers informing them of the pending tax sale and of their right to redeem. Prior to issuing the notices, Schwartz's title search reflected the existence of plaintiff's deed of trust as well as plaintiff's subsequent assignment of its interest in the property to Bankers. Although the records revealed the taxes on the property had been paid since the tax sale, they did not indicate the identity of the payer. In June 1995, Schwartz, acting as personal representative, assigned herself the tax sale certificate of purchase and then assigned the tax sale certificate to defendant, Triumph Properties, L.L.C. (hereinafter Triumph). On July 12, 1995, the Collector issued a collector's deed for taxes to Triumph. In September 1995, Bankers reassigned to plaintiff the Stokes's deed of trust.

Plaintiff brought this action against Collector and Triumph, seeking damages and an order setting aside the collector's deed issued to Triumph. Plaintiff eventually dismissed its action against the Collector. Triumph filed a motion for summary judgment which the trial court granted.

The granting of summary judgment is purely a question of law, which this court will review *de novo*. *Gleitz v. St. John's Mercy Medical Center*, 927 S.W.2d 506, 507 (Mo. App. E.D.1996). This court must review the facts in the light most favorable to the nonmoving party. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993).

The salient issue on appeal is whether summary judgment in favor of Triumph was proper because plaintiff was not entitled to notice. Section 140.405 provides in pertinent part:

At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser [at the tax sale] shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim.

Here, Schwartz, Triumph's predecessor in interest, purchased the certificate on the property at a tax sale in August 1992. Plaintiff recorded its deed of trust in June 1993. Plaintiff subsequently assigned "all its rights, title and interest" to Bankers and Bankers recorded the assignment. At the time Schwartz sent the notices required by Section 104.405, Bankers was the record holder of the deed of trust and plaintiff held no publicly recorded interest in the property. Thus, plaintiff was not entitled to notice under the statute. Plaintiff's point is denied.

The judgment of the trial court is affirmed.

JAMES A. PUDLOWSKI, P.J., and CLIFFORD H. AHRENS, J., concur.